ARNDSTEIN *v.* McCARTHY, UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 575. Petition of trustee in bankruptcy for leave to intervene, for certification of the entire record, and for reargument, submitted November 22, 1920.—Denied December 20, 1920.

The decision of this case, to which the present application relates, is reported in this volume, pages 71 *et seq.*

*Mr. Saul S. Myers, Mr. Francis M. Scott* and *Mr. Walter H. Pollak*, for the trustee in bankruptcy, in support of the petition.

Memorandum for the court by MR. JUSTICE McREYNOLDS.

The trustee in bankruptcy has filed an earnest petition asking that we (a) allow him to intervene, (b) permit reargument of the appeal, (c) direct that the entire record be certified to this court, (d) recall the mandate, (e) stay all proceedings in respect thereto, and (f) grant further and proper relief.

The court below heard the cause as upon demurrer and held the petition for *habeas corpus* insufficient. Disagreeing with the result we concluded that the bankrupt did not waive his constitutional privilege merely by filing sworn schedules, that the petition was adequate, and that the writ should have issued. The mandate only requires the trial court to accept our decision upon the point of law, to issue the writ and then to proceed as usual. If the petition does not correctly set forth the facts, or if proper reasons exist for holding the prisoner not shown by the petition neither our opinion nor mandate prevents them from being set up in the return and duly considered.

Alleged defects in the record appear to be based upon a misconception.

Our conclusion concerning the constitutional question presented, we think, is so plainly correct that a reargument would be unprofitable.

*The petition is denied.*

MR. JUSTICE DAY took no part in the consideration or decision of this cause.