## HONEYCUTT v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. November 17, 1921.)

No. 1913.

1. **Criminal law ☞395—Searches and seizures ☞5—Stolen goods, seized on warrant issued without oath or affirmation, should be returned, and not used as evidence.**

   Where a warrant to search for stolen merchandise was issued without affidavit or affirmation. as required by Const. Amend. 4, and Act June 15, 1917, tit. 11, §§ 3, 4 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼c, 10496¼d), the goods were illegally seized, and should have been returned on petition for their return, and were incompetent as evidence on a trial for receiving the stolen goods.

2. **Criminal law ☞395—Searches and seizures ☞5—Checks not mentioned in affidavit for search warrant should have been returned, and were incompetent as evidence.**

   Where a search warrant was based on an affidavit stating that defendant's books and accounts were necessary to a full and complete investigation of alleged robberies, and asked for an order for the seizure and se-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

questration of such papers and accounts as might be necessary, checks not mentioned or described in the affidavit were illegally seized, and a petition for their return should have been granted, and the checks were incompetent as evidence.

In Error to the District Court of the United States for the Eastern District of North Carolina, at Raleigh; Henry G. Connor, Judge.

Allen J. Honeycutt was convicted of buying, receiving, and having in his possession articles stolen from an interstate shipment, and he brings error.. Reversed.

William B. Jones, of Raleigh, N. C. (Armistead Jones & Son, of Raleigh, N. C., on the brief), for plaintiff in error.

M. B. Simpson, Asst. U. S. Atty., of Elizabeth City, N. C. (E. F. Aydlett, U. S. Atty., of Elizabeth City, N. C., on the brief), for the United States.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

WOODS, Circuit Judge. Defendant was convicted on indictment charging him with buying, receiving, and having in his possession "certain articles which had constituted a part of an interstate shipment, to wit, thirty-eight (38) bolts of blue denim," stolen from a car at Apex, N. C.

On the trial the government relied on testimony of persons who testified they had stolen the goods from the car and sold them to the defendant. As corroboration of this testimony, and as evidence of his guilty knowledge, the government was allowed to introduce some of the stolen goods and canceled checks seized in defendant's store under search warrants.

The hearing of a petition to require the goods and checks to be returned as illegally seized was postponed to the day of trial and then refused. The answer of the district attorney, the marshal, and the special agent of the Department of Justice alleged that the goods and checks were seized and held in the due execution of search warrants duly issued by the United States commissioner on October 10, 1920. The affidavit, warrants, and returns of the marshal thereon were attached to the answer. From these it appears that the first search warrant for the goods described therein was issued without an oath or affirmation.

The second warrant was based on an affidavit of a special agent of the Department of Justice, stating that in the execution of the warrant and search for the goods "large quantities of goods, wares, and merchandise stolen from interstate shipments were found in possession of said Honeycutt, and that the books and accounts of said Honeycutt are necessary to a full and complete investigation of the alleged robberies." In the affidavit the agent asked "for an order for the seizure and sequestration of such papers and accounts as may be necessary to such investigation and inquiry." The warrant commanded the marshal "to seize such books, records, and accounts of the said A. J. Honeycutt." In the execution of this warrant the marshal seized a number of paid checks issued by defendant to one or more of the persons alleged to have stolen the 38 bolts of denim.

[1, 2] Thus it appears that the warrant to search for the stolen merchandise was issued without affidavit or affirmation, as required by the Fourth Amendment to the Constitution, and chapter 30, Acts 1917, 40 Stat. 228 (Barnes' Federal Code, § 10052; Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼c, 10496¼d). Under the second warrant checks were not described or mentioned in the affidavit. The second warrant and the affidavit on which it was based, also show that the warrant was obtained and the checks were seized for the express purpose of using them as evidence against the defendant.

The goods and the checks were therefore illegally seized, and the petition for their return should have been granted. It follows that the goods and checks were incompetent as evidence against the defendant. Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385. 40 Sup. Ct. 182, 64 L. Ed. 319; Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 314. It is due to the District Court to say that the cause was tried before the decision of the Gouled Case.

Reversed.