**UNITED STATES of America, Appellant,**

v.

**John DOE, Witness, Appellee.**

**No. 80–1221.**

United States Court of Appeals, First Circuit.

Argued June 3, 1980.
Decided Aug. 14, 1980.

Douglas P. Woodlock, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellant.

John S. Leonard, Boston, Mass., with whom Theodore E. Daiber, George A. McLaughlin, Jr., and The McLaughlin Brothers, Boston, Mass., were on brief, for appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, and CAFFREY, District Judge.*

COFFIN, Chief Judge.

A federal grand jury issued a subpoena *duces tecum* to appellee, an accountant, requesting that he surrender his personal business records pertaining to an eight year period. Appellee moved to quash the subpoena, claiming that compliance would violate his Fifth Amendment privilege against self-incrimination. Accompanying this motion was appellee's affidavit, wherein he stated that he was a sole practitioner and that he prepared and maintained the requested records for use in his business. After a hearing the district court granted the motion to quash as to those business records prepared by and in the possession of appellee, but ordered the submission of bank receipts, records required to be kept by law and records prepared by other parties. An *in camera* inspection followed where the court classified the records as privileged or not and made minor adjustments in the order not relevant here. The government appealed from the order quashing the subpoena in part.

After briefs were filed on appeal, we issued our opinion in *In re Grand Jury Proceedings*, 626 F.2d 1051, (1st Cir. 1980). In that case, we held that a sole proprietor or practitioner whose business records are subpoenaed by the grand jury enjoys Fifth Amendment protection against the compulsion of testimony inherent in the act of submitting the requested documents to the grand jury, but not against the acquisition or use of the contents of those records. We directed that the government could subpoena the records if it first granted the witness use immunity for the authentication of other testimonial information that could be implied from the witness's compliance with the subpoena. As the parties to this appeal recognize,[1] *Grand Jury* controls every issue in the present appeal but one.

■ The government maintains, as it did in the district court, that it need not grant appellee use immunity from compelled im-

---

* Of the District of Massachusetts, sitting by designation.

1. Appellee's argument that use immunity will not adequately protect his Fifth Amendment right because of the scope of the government's request, which asked for eight years of records, seems to misconstrue the holding of *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), which limited the constitutional concern in this situation to whether the act of surrendering documents to the grand jury would itself be compelled testimony. This being so, the number of business records requested, while it may raise other legal questions, does not have any Fifth Amendment implications.

plicit authentication of the records because he waived his privilege when he submitted his affidavit in support of his motion to quash, wherein he stated that he had prepared all the records and that they were in his possession. The government contends that furnishing this much information about the records waived any privilege against providing further information that would authenticate the records. The district court refused to find a waiver in the affidavit because it was filed to support the assertion of the very right that the government claims was thereby waived and was necessary to the success of the assertion. The court reasoned that to find a waiver in the proof of facts necessary to support the claim of privilege would place the witness in a "Catch-22" position. Thus, the court made no finding that the information revealed in the affidavit was the kind of incriminating testimony found in *Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951), to waive the Fifth Amendment as to further questioning, but seems to have held that even if the provision of this information could constitute a waiver it would be unfair so to construe it in this context. We agree.

■ After *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), it was clear that the subpoena of business records implicates the Fifth Amendment only when those records are possessed by the individual who created them. If the records are corporate records, *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974), or if they were prepared by another party, the custodian of the records cannot resist a subpoena even if the records contain information incriminating to him. Thus, to gain even the limited privilege afforded by *In re Grand Jury Proceedings, supra*, the custodian of the records must show that the records he possesses are those of his sole proprietorship and that he created them. Appellee filed his affidavit to prove these predicate facts. To hold that a custodian who attempts to establish the facts necessary to support a valid claim of self-incrimination thereby waives that privilege would make a mockery of the substantive constitutional right.

We think that the reasoning of *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), applies forcefully to this situation. The Court there established the rule that testimony by a defendant to support his motion to suppress evidence could not be admitted against him at trial to establish his guilt. *See also In re Grand Jury Investigation*, 587 F.2d 589, 597–98 (3d Cir. 1978). The Court's concern was that without this protective rule the defendant would be forced to waive his privilege against self-incrimination to protect his Fourth Amendment rights. The Court stated: "[W]e find it intolerable that one constitutional right should have to be surrendered to assert another." 390 U.S. at 394, 88 S.Ct. at 976. Adoption of the government's position in this case would be even more oppressive and would approach the absurd, for to effectively assert the Fifth Amendment privilege against turning over subpoenaed personal business records, the witness would have to waive the identical right. Because the result in this case flows *a fortiori* from *Simmons*, it is not controlled by *United States v. Miller*, 589 F.2d 1117, 1135 (1st Cir. 1978), *cert. denied*, 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771 (1979), where we carefully distinguished *Simmons* in holding that certain statements made at a bail hearing could be admissible at trial.

The government's remaining arguments need not detain us. The fact that appellee was able to submit his records to the district court through an intermediary, his lawyer, which arguably avoided any admissions attributable to him, a question we do not decide, cuts both ways. The government argues that this procedure demonstrates that appellee need not receive immunity, but it also suggests that a grant of immunity to appellee will not deprive the government of any significant information. Finally, the government's argument that the timing of appellee's filing of his affidavit should deprive him of any protection analogous to that afforded in *Simmons*, was not presented to the district court and,

therefore, will not be addressed by us. *See Johnston v. Holiday Inns, Inc.*, 595 F.2d 890 (1st Cir. 1979).

The problem of waiver presented by this case may be peculiar to the subpoena of personal business records; it certainly partakes of the singular irony cast by the scope of constitutional protection mandated by *Fisher*. This irony is that the information to which attaches constitutional significance, the implied authentication created by the act of surrendering the records, is not the evidence which the government wishes to obtain and the witness fears will be incriminating. Both parties are keenly interested in the contents of the records, but the Fifth Amendment protects only the compelled disclosure of collateral information. Moreover, this same collateral information must be partially disclosed to assert the Fifth Amendment privilege which the witness hopes will shield the unprivileged contents of the records. Our opinion in *In re Grand Jury Proceedings* attempted to explain this paradox and provide an orderly procedure by which the government could obtain the unprivileged information it sought and the witness could preserve his constitutional right. To accept the government's conception of waiver in this case would replace this procedure with what the district court aptly described as a game of cat and mouse.

Because the district court issued its order in this case, before our ruling in *In re Grand Jury Proceedings*, we will remand this case just as we did the former. The order of the district court is vacated and the case is remanded with instructions to quash the subpoena unless the government informs the court within a reasonably short time that it has granted appellee use immunity as to the testimony implicit in the submission of the requested records.

*It is so ordered.*