**William A. MERTSCHING, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. Nos. 80–K–1535, 80–K–1603,
80–K–1604, 80–K–1606 to 80–K–1615
and 80–K–1391.

United States District Court,
D. Colorado.

Sept. 10, 1982.

Gloria T. Svanas, Odessa, Tex., Cecil A. Hartman, Englewood, Colo., for plaintiff.

Robert S. Horwitz, Tax Div., Dept. of Justice, Washington, D. C., Robert N. Miller, U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This case comes before me on the motion of the United States to dismiss pursuant to Rule 37(b) F.R.C.P. The plaintiff, a certified public accountant, has filed the fourteen above numbered cases against the United States. All of these cases allege that 26 U.S.C. § 6694 is facially unconstitutional. Each case is based upon the preparation of a taxpayer's return in which the plaintiff, as preparer, excluded gross income to a "Family Equity Trust". The Internal Revenue Service imposed preparer penalties because of the purported assignment of income and based its decision on Revenue Ruling 75–257. The plaintiff seeks return of the penalties paid, attorney fees and a declaration that the statute is unconstitutional.

In civil action 81–K–1391 the plaintiff appeared pro se. In all of the remaining cases the plaintiff has been represented by various attorneys. The cases other than 81–K–1391 were consolidated in Civil Action 80–K–1535.

On July 28, 1982 I made a bench ruling in 81–K–1391 and dismissed the case on motion of the United States Attorney for failure of the plaintiff to comply with discovery orders. On August 19, 1982, the plaintiff filed a notice of appeal and on August 26, 1982, he filed a document entitled "Plaintiff's Request For Court's Report" in which he asks me to prepare Findings of Fact and Conclusions of Law. I doubt that I can do so because the notice of appeal has been filed and the transcript of the bench ruling will have to suffice. Even so, I will include a copy of this memorandum opinion and order in the case file and record on appeal in an effort to comply with plaintiff's request.

In the remaining consolidated cases the United States Attorney has again moved to dismiss pursuant to Rule 37(b) F.R.C.P. The facts upon which this motion is based are as follows:

On April 2, 1981, the defendant served upon plaintiff a Notice of Deposition and a Request for Production of Documents. The Notice set plaintiff's deposition for May 21, 1981. On May 20, 1981, the plaintiff moved for a protective order, which was denied. The deposition was continued to a later date. On June 22, 1981, the defendant again noticed up plaintiff's deposition for July 27, 1981. On the date set for the deposition, plaintiff's counsel, William Cohan, moved the court for leave to withdraw from the case. The motion was granted. In order to allow plaintiff time to retain new counsel, the deposition was again continued. On April 21, 1982, the defendant once more noticed up plaintiff's deposition and requested production of documents on May 27, 1982. On May 26, 1982, plaintiff filed an objection to the taking of his deposition. Although no order was entered barring the taking of plaintiff's deposition, on May 27, 1982, plaintiff failed to appear at his deposition and produce the requested documents.

As previously mentioned a hearing was held in case number 81–K–1391 during which the plaintiff was repeatedly advised of the duty to respond to the defendant's discovery efforts. On August 19, 1982, a hearing was held in the consolidated actions where plaintiff was again represented by counsel. The hearing was on defendant's motion for sanctions due to plaintiff's failure to appear at the deposition scheduled for May 27, 1982 and produce documents pursuant to notice. At the hearing plaintiff's counsel requested that no discovery take place until I had ruled on the constitutionality of 26 U.S.C. § 6694. This request was denied and I explained that the fundamental precept of constitutional interpretation required me to eschew ruling on constitutional issues where there are other viable grounds for resolving the controversy. I again emphasized the requirement that the plaintiff, who of course filed the action, was required to submit to discovery in accordance with the rules of civil procedure. Thus, I ordered the plaintiff to comply with the request for deposition and production of documents within 10 days. Further, I warned the plaintiff that severe sanctions would follow his attempt to assert a blanket invocation of this Fifth Amendment privilege against self-incrimination or his making frivolous Fifth Amendment objections to discovery requests.

The plaintiff's present attorney, Ms. Gloria Svanas, and defendant's attorney agreed that the deposition and production of documents would take place on August 23, 1982. At the deposition, plaintiff produced Forms 1040 and 1041 for 1976 and 1977 involved in this action. However, plaintiff refused to produce, on Fifth Amendment grounds, the following documents:

a. His complete files relating to the taxpayers for the years for which the returns in question were filed;

b. All notes, memoranda and recordings of meetings with the taxpayers with respect to the preparation of the returns in issue;

c. His correspondence files relating to the tax returns in issue;

d. Computations, schedules, books and records, ledger sheets and workpapers relating to the returns in question.

During his deposition, plaintiff refused to answer numerous questions on Fifth Amendment grounds, including:

a. Whether he belonged to any professional accountants' organizations;

b. Whether he read or subscribed to periodicals published by such organizations;

c. Whether he subscribed to tax reporting services such as those published by C.C.H. and Prentice Hall;

d. Whether he took notes of meetings with taxpayers for whom he prepared forms 1040 and 1041 for the years 1976 and 1977.

e. What types of information and documents he would obtain from taxpayers for purposes of preparing forms 1040 and 1041 for 1976 and 1977.

f. Whether he obtained copies of trust agreements when he prepared returns involving trusts.

g. The basis for the deduction taken as an adjustment to income, as nominee income, on forms 1040 for Otto Smith and for Ray Burk for 1976 an amount equal to wages reported on said returns;

h. Whether he had prepared forms 1040 and 1041 involving family trusts for E.S.P. type trusts for 1978, 1979, 1980;

i. The names of accountants plaintiff had been associated with in 1976 through 1978;

j. Whether, in 1977, or 1978, plaintiff had lectured on behalf of E.S.P. in order to promote E.S.P. trusts;

k. Whether plaintiff had seen E.S.P. trust agreements;

l. Whether plaintiff knew numerous individuals, including J. L. Wiegand, Pipp Boyls, Earl Frudegar and others.

Plaintiff's attorney, Ms. Svanas, stated at the deposition that, although she had advised plaintiff of his Fifth Amendment rights, she had not directed him to object to any questions or to the production of any documents on Fifth Amendment grounds.

Having granted the defendant's motion to compel I am now faced with a willful and obstinate refusal to comply with my orders entered pursuant to Rule 37(b)(2) F.R.C.P. No court in the Tenth Circuit has spoken on this issue. The decisions in other circuits and the reports of the commentators are divided on the proper solution to the procedural problem.

■ There is no question that the Fifth Amendment privilege against self-incrimination is generally a bona fide privilege against civil discovery requests. As stated by Justice Brandeis:

The privilege is not ordinarily dependent upon the proceeding in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it. The privilege protects a mere witness as fully as it does one who is also a party defendant.

*McCarthy v. Arndstein,* 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924). However, in the civil discovery context, the privilege may be waived in certain circumstances. *See Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981) (Waiver due to untimely assertion).

The question which has divided the courts and commentators and which is material to the disposition of these cases is whether a plaintiff waives his Fifth Amendment privilege to avoid disclosure of otherwise discoverable material, by virtue of having brought a civil action. The answers to this question range from always to never. *Compare* 4 *Moore's Federal Practice* ¶ 26.-60[6], P. 26–253 (2d Ed. 1979) ("We believe that the above questions should be answered affirmatively on the theory that such a privilege is 'waived'—though the party intended no waiver—by bringing or defending the suit to the extent and under circumstances stated above") *With* 8 Wright & Miller, *Federal Practice & Procedure: Civil* § 2018, P. 145 (2d Ed. 1970) ("It is inconceivable that by exercising his constitutional right to bring or defend an action a person waives his constitutional right not to be a witness against himself, and no case has so held"). Case law is also supportive of both approaches.

In *Independent Productions Corp. v. Loew's Inc.,* 22 F.R.D. 266, 276–279 (S.D.N.Y.1958), the district judge, relying on *Moore's Federal Practice,* held that the plaintiffs waived their testimonial privileges under the First and Fifth Amendments by bringing their action. He stated:

Plaintiffs in this civil action have initiated the action and forced defendants into court. If plaintiffs had not brought the action, they would not have been called on to testify. Even now, plaintiffs need not testify if they discontinue the action. They have freedom and reasonable choice of action. They cannot use this asserted privilege as both a sword and a shield. Defendants ought not be denied a possible defense because plaintiffs seek to invoke an alleged privilege.

The Court therefore rules that these plaintiffs have waived whatever privilege they may have had by the bringing of this action.

*See Also Grinell v. Hackett,* 20 F.R.Serv.2d 668, 670 (D.R.I.1974) *appeal dism'd* 519 F.2d 595 (1st Cir. 1975) ("Fundamentally unfair to permit a party to withhold information relevant to allegations which it has itself made...; [and in such circumstances] the party must choose between the allegations and its privilege"); *Awtry v. United States,* 27 F.R.D. 399, 402–03 (S.D.N.Y.1961); *Flemming v. Bernardi,* 1 F.R.D. 624, 625 (N.D.Ohio 1941).

However, in *Backos v. United States,* 82 F.R.D. 743 (E.D.Mich.1979), a tax refund action, the district judge, relying on Wright & Miller, refused to find a waiver of the plaintiffs' Fifth Amendment rights by virtue of bringing the action. The plaintiffs had answered two sets of interrogatories but refused to answer the third set, asserting a Fifth Amendment privilege against such disclosure. The court reasoned that to find such a waiver and dismiss the plaintiffs' action, as the government had requested "would place an impermissible burden on plaintiffs' exercise of their Fifth Amendment rights." *Id.* at 745. The court also noted that it would take precautionary measures to assure that the defendant would not be surprised at trial with matters as to which the privilege was claimed during discovery and that the government might be permitted to draw adverse inferences from the plaintiffs' refusal to testify.

Similarly, in *Thomas v. United States,* 531 F.2d 746 (5th Cir. 1976), the Fifth Circuit reversed the district court's dismissal of a tax refund action where the plaintiff partially refused to comply with a court order compelling him to answer interrogatory questions regarding his sources of income. (10 of 21 interrogatories propounded). The court noted that the provisions of rule 37 must be read in light of the Due Process Clause and suggested that the government's strategy of forcing tax refund plaintiffs to choose between their Fifth Amendment rights and their lawsuits is "akin to

forfeiture". The Circuit Court also noted that the district court, in the exercise of its supervisory powers, could fashion more appropriate remedies such as staying proceedings until: 1) the plaintiff obtained immunity from prosecution; 2) the criminal statute of limitations had run; or 3) the criminal proceedings had terminated.

■ While the cited cases and commentaries seem conflicting, they may be reconciled to provide a proper resolution of the instant cases. Where a plaintiff makes a good faith general attempt to comply with discovery but objects to only so much of the discovery request that could reasonably appear to raise Fifth Amendment problems, the more prudent course is for the trial judge to utilize the precautionary measures and remedies enunciated in *Backos* and *Thomas, supra.* However, where a plaintiff's entire discovery response is dilatory, using the Fifth Amendment as a pretext for the wholesale refusal to answer questions, waiver of the privilege should be inferred. *Compare Campbell v. Gerrans,* 592 F.2d 1054, 1057 (9th Cir. 1979) (Dismissal for failure to comply with order to answer 4 of 34 interrogatories reversed where remaining 4 interrogatories appeared "on their face to raise Fifth Amendment problems.") *With Lyons v. Johnson,* 415 F.2d 540, 541–42 (9th Cir. 1969) (Dismissal for failure to answer any (all) interrogatories on Fifth Amendment grounds, including question involving mere background information, upheld). Implicit in this reasoning is a balancing of the defendant's need for the evidence with the burden on the plaintiff's constitutional rights from disclosure. In the instant case, the plaintiff's failure to answer essentially any questions at the depositions, including background material, on Fifth Amendment grounds, is impermissible.

■ Where, as here, there is no possibility of misunderstanding and where, as here, I have given the plaintiff ample warnings and repeated opportunities to invoke his Fifth Amendment privilege on a discrete basis, the recalcitrant violations of my orders entered in accord with Rule 37(a) war-

rants dismissal under Rule 37(b). This order is not based on the mere refusal to comply with discovery requests, but rather on the violation of specific court orders. *See* 8 Wright & Miller § 2289.

I have considered sanctions less severe than dismissal, but they are not appropriate. Preclusion of evidence or deeming facts established would only force me to rule on the constitutionality of a statute without actually having a case in controversy before me. I do not believe the rules of procedure, the orders of court or the doctrines of judicial restraint should be so manipulated. Accordingly.

IT IS ORDERED, that each of the above-captioned cases is dismissed with prejudice. Each party to bear his or its own costs.