William A. MERTSCHING,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 82–2016.

United States Court of Appeals,
Tenth Circuit.

Submitted on the Briefs Pursuant to
Tenth Circuit Rule 9.

Decided April 12, 1983.

William A. Mertsching, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, and Murray S. Horwitz, Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

William A. Mertsching appeals a federal district court order dismissing his 26 U.S.C. § 6694(c)[1] suit against the United States for failure to comply with a discovery order.

In December 1980, Mr. Mertsching, a tax preparer as defined by 26 U.S.C. § 7701(a)(36), was assessed two $100 penalties by the Internal Revenue Service (IRS) under 26 U.S.C. § 6694(a) for negligently or intentionally disregarding revenue rules and regulations in preparing tax returns. The IRS contended that the penalties were imposed because Mr. Mertsching prepared returns which sought to assign income to third persons by means of family equity trusts. Such assignments have been disallowed under established case law.[2] Following the procedures set forth in 26 U.S.C. § 6694(c), Mr. Mertsching paid fifteen percent of the assessed penalties and filed the instant action for a determination of his liability.

On June 15, 1982 the United States served a notice of deposition upon Mr. Mertsching. Mr. Mertsching filed an objection to the request for deposition contending that the penalties were imposed arbitrarily, that 26 U.S.C. § 6694 was facially unconstitutional, and that a deposition would violate his Fifth Amendment right against self-incrimination. The court did not rule on the motion prior to the scheduled deposition. Consequently, Mr. Mertsching appeared at the deposition but asserted the Fifth Amendment and refused to answer any questions.

Thereafter, the United States filed a motion to compel discovery. After conducting a hearing on the issue, the court granted the motion and advised Mr. Mertsching that the case would be dismissed if he did not appear and respond to questions during the deposition.

Despite the admonition, Mr. Mertsching refused to answer any questions during the rescheduled deposition. Consequently, the United States moved to dismiss the suit for failure to comply with the court's discovery order. The court again conducted a hearing during which Mr. Mertsching testified that he could not be compelled to be a witness against himself. The court granted the motion and dismissed the case with prejudice.

If a party fails to obey a court order to provide discovery, the court may dismiss the action. Fed.R.Civ.P. 37(b)(2)(C). The imposition of sanctions is within the trial court's discretion and will not be disturbed on appeal unless the court has abused its discretion. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Brown v. McCormick,* 608 F.2d 410 (10th Cir.1979).

Mr. Mertsching contends, *inter alia,* that the 26 U.S.C. § 6694(c) proceeding is criminal in nature and that, therefore, the Fifth Amendment right against self-incrimination was available to insulate him from deposition. The Supreme Court has held that the right against self-incrimination applies only in situations where a responsive

---

1. Where a tax preparer wishes to have refunded penalties assessed for the negligent or intentional disregard of revenue rules, 26 U.S.C. § 6694(c)(2) requires him to initiate a proceeding in the district court for a determination of his liability.

2. *Gran v. Comm'r,* 664 F.2d 199 (8th Cir.1981); *Vnuk v. Comm'r,* 621 F.2d 1318 (8th Cir.1980); *Markosian v. Comm'r,* 73 T.C. 1235 (1980); *Wesenberg v. Comm'r,* 69 T.C. 1005 (1978).

answer to the question or an explanation of why it cannot be answered would expose the claimant to prosecution for a federal crime. *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). Mr. Mertsching fears prosecution only under 26 U.S.C. § 6694. However, the penalties set forth in § 6694(a) are civil, not criminal, penalties. The legislative history of 26 U.S.C. § 6694 indicates that the statute was to be interpreted in a manner similar to 26 U.S.C. § 6653 which imposes penalties for the intentional or negligent disregard of rules and regulations by taxpayers on their own returns. 1976 U.S.Code Cong. & Ad. News (90 Stat.) 4188. The courts have consistently interpreted the § 6653 proceeding and penalties as civil in nature. *Considine v. United States,* 683 F.2d 1285 (9th Cir. 1982); *Raley v. Commissioner,* 676 F.2d 980 (3d Cir.1982); *Gilbert v. Commissioner,* 675 F.2d 1083 (9th Cir.1982); *United States v. University Savings Association,* 666 F.2d 312 (5th Cir.), *cert. denied,* 457 U.S. 1106, 102 S.Ct. 2905, 73 L.Ed.2d 1314 (1982); *Fontneau v. United States,* 654 F.2d 8 (1st Cir.1981); *Ruidoso Racing Association, Inc. v. Commissioner,* 476 F.2d 502 (10th Cir. 1973). The § 6694 proceeding and penalties, then, too are civil. Accordingly, the Fifth Amendment was not properly invoked by Mr. Mertsching, and the district court did not abuse its discretion in dismissing the action.

We have reviewed Mr. Mertsching's additional contentions and find them to be without merit.

AFFIRMED, 547 F.Supp. 124. The mandate shall issue forthwith.