622 F.Supp. 262 (1985)
George R. KIRANE, Jr., Plaintiff,
v.
CITY OF LOWELL, et al., Defendants.
Civ. A. No. 84-0026-Y.
United States District Court, D. Massachusetts.
November 25, 1985.
*263 Edward R. Gargiulo, Eileen D. Vodoklys, Framingham, Mass., Regina L. Quinlan, Boston, Mass., for plaintiff.
Edward R. Dean, Jr., Charles Zaroulis, Lowell, Mass., for defendant Juknavorian.
George Eliades, Lowell, Mass., for defendants.
Philip Nyman, Donna L. Baron, Lowell, Mass., for defendant Campbell.
David J. Fenton, Jr., Kevin Murphy, Thomas E. Sweeney, Asst. City Sols., Paul Callery, City Sol., Lowell, Mass., for defendants Hammar, Zaharoolis Kirkiles, Maynihan, Lalime and Samowski.

MEMORANDUM AND ORDER
YOUNG, District Judge.
George Kirane ("Kirane") brings this action against the City of Lowell ("Lowell"), the members of its Planning Board, the members of its Zoning Board of Appeals, the Assistant City Manager, and several building inspectors for violation of his civil rights under 42 U.S.C. §§ 1983 and 1985(3). Kirane alleges that Lowell denied him a special permit to operate a retail business (an adult bookstore) in violation of his First Amendment rights.
With reference to the instant case, Lowell attempted to depose Kirane on August 1, 1985. Kirane appeared for his deposition but asserted a Fifth Amendment right against self-incrimination and refused to answer questions about the matters at issue in this action. In effect, Kirane's blanket assertion of privilege obstructed any meaningful inquiry and blunted virtually all questions. In response, Lowell has refused Kirane further discovery.
Lowell now moves to compel Kirane to answer, or in the alternative, moves to dismiss the action for failure to comply with the discovery procedures of the Federal Rules of Civil Procedure. At the same time, Kirane has moved for summary judgment claiming that Lowell's obstruction of his discovery requests prevents him from filing the appropriate affidavits. At oral hearing, the Court denied Kirane's motion for summary judgment without prejudice, pending the outcome of Lowell's motion to compel Kirane's testimony.
The Court must now rule on whether Kirane's invocation of his Fifth Amendment privilege against compelled self-incrimination remains intact and, if so, whether Kirane may invoke the protections of the Fifth Amendment where he voluntarily initiated the suit in which now he refuses to be deposed.

I. Background

Significantly, this is not the only action to which Kirane is a party. In the courts of the Commonwealth of Massachusetts, Kirane goes forward with an appeal of his conviction on charges he failed to obtain the requisite building permits for renovations of his combination convenience store and adult bookstore at 219 Central Street from the City of Lowell.[1] Further, Kirane *264 has initiated a civil suit in the Superior Court for Middlesex County, charging three of the present defendants (Messrs. Brophy, Juknavorian, and Campbell) with the arbitrary and capricious denial of building permits. Kirane v. Brophy et al., Middlesex Superior Court, No. 83-4792.
In the state civil suit, Kirane submitted to discovery and was deposed on November 3, 1983. Kirane testified freely concerning the subject matter that gave rise to both the state action as well as this federal action. At no time during this deposition did Kirane invoke his Fifth Amendment privilege against compelled self-incrimination.

II. Discussion

In view of the pending criminal charges against Kirane, there can be little doubt but that Kirane has the right to invoke his Fifth Amendment privilege. The Supreme Court has broadly construed this privilege to assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action. Maness v. Meyers, 419 U.S. 449, 461, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975); Arndstein v. McCarthy, 254 U.S. 71, 72-73, 41 S.Ct. 26, 26-27, 65 L.Ed. 128, reh'g denied, 254 U.S. 379, 41 S.Ct. 136, 65 L.Ed. 314 (1920). Prior disclosures should not be held to constitute a waiver of privilege against self-incrimination in subsequent proceedings when the reason for apprehension did not exist at the time the first testimony was given. Carter-Wallace, Inc. v. Hartz Mountain Industries, Inc., 553 F.Supp. 45, 49 (S.D.N.Y. 1982). The privilege may properly be invoked when the individual reasonably apprehends a risk of self-incrimination. Marchetti v. United States, 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968) (where no criminal charges were yet pending); Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). Thus, Kirane's protection does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which Kirane might reasonably believe could be used against him in a criminal prosecution. Maness v. Meyers, 419 U.S. 449, 461, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975).
Thus, the Fifth Amendment will protect Kirane when he asserts a privilege against compelled self-incrimination. United States v. Doe, 465 U.S. 605, 104 S.Ct. 1237, 1241, 79 L.Ed.2d 552 (1984). Further, Kirane may assert this privilege in connection with civil litigation. Kastigar v. United States, 406 U.S. 441, 444, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212, reh'g denied, 408 U.S. 931, 92 S.Ct. 2478, 33 L.Ed.2d 345 (1972). However, the Fifth Amendment is not self-executing, and its privilege against self-incrimination can be waived if not asserted in a timely fashion. Maness v. Meyers, 419 U.S. 449, 466, 95 S.Ct. 584, 595, 42 L.Ed.2d 574 (1975). This privilege may be waived either by explicit act or by inference. Indeed, a witness who fails to invoke the Fifth Amendment in response to questions where he could have claimed it is deemed to have waived his privilege with regard to all questions on the same subject. Rogers v. United States, 340 U.S. 367, 373, 71 S.Ct. 438, 442, 95 L.Ed. 344, reh'g denied, 341 U.S. 912, 71 S.Ct. 619, 95 L.Ed. 1348 (1951). Simply put, where incriminating facts are voluntarily revealed, the Fifth Amendment privilege cannot be invoked to avoid disclosure of the details. Rogers v. United States, 340 U.S. 367, 373, 71 S.Ct. 438, 442, 95 L.Ed. 344. This is so because:
[If] the witness himself elects to waive his privilege, as he may doubtless do, since that privilege is for his protection and not for that of other parties, and discloses his criminal connections, he is not permitted to stop, but must go on and make a full disclosure.
Brown v. Walker, 161 U.S. 591, 597, 16 S.Ct. 644, 647, 40 L.Ed. 819 (1896).
Beyond these conditions of explicit waiver, in appropriate cases, a waive of the *265 Fifth Amendment privilege against self-incrimination may be inferred. Emspak v. United States, 349 U.S. 190, 197-98, 75 S.Ct. 687, 691-92, 99 L.Ed. 997 (1955). Even so, such waivers are not to be lightly inferred, and courts should indulge every reasonable presumption against finding "testimonial waiver." Id. at 198, 75 S.Ct. at 692;; Smith v. United States, 337 U.S. 137, 150, 69 S.Ct. 1000, 1007, 93 L.Ed. 1264 (1949). Courts should conclude that the privilege has been waived only in the most compelling of circumstances, and such circumstances do not exist unless a failure to find waiver would prejudice a party. Klein v. Harris, 667 F.2d 274, 288 (2nd Cir.1981).
Lowell argues that Kirane explicitly waived his Fifth Amendment privilege by all or any of the following:
1. His Deposition dated November 30, 1983
2. His Affidavit of March 12, 1984
3. His Verified Complaint dated April 24, 1984
4. His Affidavit of December 30, 1984
The First Circuit has ruled that, where an affidavit was filed to prove predicate facts necessary to invoke the Fifth Amendment, to hold this a waiver of the privilege "would make a mockery of the substantive Constitutional right." United States v. Doe, 628 F.2d 694, 696 (1st Cir.1980); see also E.F. Hutton & Co., Inc. v. Jupiter Development Corp. Ltd., 91 F.R.D. 110 (S.D.N.Y.1981) (Absent prejudice, even if the affidavit presented a distorted view of the facts, the affiant did not waive his privilege; the court denied the motion to compel discovery).
A waiver of the privilege at one stage of a proceeding is not a waiver of that right for other stages, United States v. Johnson, 488 F.2d 1206, 1210 (1st Cir. 1973). Nor is a person who waives his privilege of silence in one trial estopped from asserting the privilege as to the same matter in a subsequent trial or proceeding. See Emspak v. United States, 349 U.S. 190, 201 n. 24, 75 S.Ct. 687, 694 n. 24, 99 L.Ed. 997; United States v. Cain, 544 F.2d 1113, 1117 (1st Cir.1976) ("It is hornbook law that the waiver is limited to the particular proceeding in which the witness appears"); United States v. Johnson, 488 F.2d 1206, 1210 (1st Cir.1973). But see Ellis v. United States, 135 App.D.C. 35, 49; 416 F.2d 791, 805 (1969).
Several courts have specifically held that deposition testimony does not waive the privilege. See e.g., Re Beery, 680 F.2d 705 (10th Cir.), cert. denied, 459 U.S. 1037, 103 S.Ct. 449, 74 L.Ed.2d 604 (1982) (holding that debtor's answering of questions at a state court deposition was not a waiver of the privilege in bankruptcy case because proceedings were independent, even though the state proceedings might involve similar issues; thus debtor was not barred fom asserting the privilege as to questions answered during the state court deposition); Carter-Wallace, Inc. v. Hartz Mountain Industries, Inc., 553 F.Supp. 45 (S.D.N.Y. 1982) (executives of defendant corporation did not waive their right to invoke the privilege against self-incrimination by giving deposition testimony in another proceeding); Mertsching v. United States, 547 F.Supp. 124 (D.Colo.1982), aff'd 704 F.2d 505, aff'd 716 F.2d 907, cert. denied 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983) (Fifth Amendment privilege against self-incrimination is generally bona fide privilege against civil discovery requests).
The cases above generally speak in terms of witnesses and defendants. Here, Kirane is a plaintiff who has initiated two civil actions, one in state court and this action in federal court. On the one hand, "It would be uneven justice to permit the plaintiff to invoke the powers of this court for the purposes of seeking redress and at the same time to permit plaintiff to fend off questions, the answers to which may constitute a valid defense or materially aid the defense." Independent Productions Corp. v. Loew's Inc., 22 F.R.D. 266, 276 (S.D.N.Y.1958) (discussing the First rather than the Fifth Amendment). On the other hand, to penalize the assertion of the Fifth Amendment privilege effectively destroys the privilege, imposing a "cost." See Spevack v. Klein, 385 U.S. 511, 515, 87 S.Ct. *266 625, 628, 17 L.Ed.2d 574 (1967); Griffin v. California, 380 U.S. 609, 614, 85 S.Ct. 1229, 1232, 14 L.Ed.2d 106 (1965), reh'g denied, 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965). The Supreme Court admonishes that courts must "indulge every reasonable presumption against the waiver of fundamental constitutional rights." Emspak v. United States, 349 U.S. 190, 198, 75 S.Ct. 687, 692, 99 L.Ed. 997, citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).
This Court simply will not order Kirane to choose between his privilege to avoid compelled self-incrimination and his privilege to utilize the courts to protect his rights. Although the Court concludes that Lowell's need for certain information at trial may be substantial, there is available here a less drastic remedy than putting before Kirane this untenable choice during pre-trial proceedings.
"[N]ot every undesirable consequence which may follow from the exercise of the privilege against self-incrimination can be characterized as a penalty." Flint v. Mullen, 499 F.2d 100, 104 (1st Cir.), cert. denied, 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1974). The most direct solution is promptly to bring this matter to trial where Kirane can properly be asked to choose between the invocation of his Fifth Amendment privilege and his need to produce evidence to prosecute the instant action. Wansong v. Wansong, 395 Mass. 154, 157-58, 478 N.E.2d 1270 (1985) (proper to balance any prejudice to other civil litigants against the potential harm to the party claiming the privilege). Kirane may not argue that this civil suit ought be continued until the ultimate conclusion of his state criminal appeal. The defendants have a substantial stake in the prompt resolution of this controversy and they will be prejudiced if it is stalled while memories dim and witnesses drop from sight. Nearly two years have passed since the complaint was filed herein. Further delay is intolerable. True, bringing the case to trial now forces the defendants to proceed without the somewhat ephemeral benefits of discovery from Kirane himself. In the context of the present litigation, however, where the defendants need no discovery to explain their own official actions and where Kirane has earlier been deposed in the parallel state lawsuit, pre-trial discovery from Kirane himself is hardly essential.
Accordingly, Kirane may respond to discovery requests by claiming his Fifth Amendment privilege. His motion for summary judgment is denied. Lowell must respond to the discovery requests directed to it. Its motion to dismiss is denied. The case is ordered placed on the trial list as of December 16, 1985.
NOTES
[1] Specifically, the charges are violation of the state building code, working without a permit, and operating after license or right to operate has been suspended.