**In re GRAND JURY PROCEEDINGS.**

Misc. No. 84–0088(PG).

United States District Court,
D. Puerto Rico.

May 9, 1986.

Harvey B. Nachman, Santurce, P.R., for petitioner.

Everett de Jesús and Chris Gober, Asst. U.S. Atty's. Task Force, Hato Rey, P.R., for respondent.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This case is before this Court on petitioner, Mr. Francisco Santiago Vela's (hereinafter the petitioner) motion to quash the subpoena served upon him as custodian of records of the Girod Trust Company. The United States of America opposed petitioner's motion. Thereafter, pursuant to an order given in open court by the undersigned on October 10, 1984, petitioner delivered under seal a number of documents in his possession for an in camera inspection.

After a careful examination of said documents this Court denies petitioner's motion to quash the subpoena and orders the petitioner to produce these documents to the Grand Jury.

■ The Fifth Amendment privilege against compulsory self-incrimination protects an individual from compelled production of his personal papers. However, an individual cannot rely upon the privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity even if these records might incriminate him personally. *Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974); *In Re Grand Jury Proceedings,* 626 F.2d 1051 (1st Cir.1980). The reason for this is that the corporation itself has no Fifth Amendment privilege, and the only way to prevent the corporation from shielding its records from a subpoena is to prevent individual corporate representatives from exercising this privilege with respect to corporate records. *Bellis v. United States, supra.*

■ In the present case, the target of the investigation is Girod Trust Company and not petitioner.[1] In fact, the subpoena is addressed to the custodian of records of Girod Trust Company and not to petitioner personally.[2] Furthermore, a careful in camera inspection of the documents reveals that these documents are company records or materials and not petitioner's personal papers. These documents include, for example, proxy statements, minutes and notices of shareholders meetings, inter office memoranda, business letters and income tax statements.

We also find that petitioner's reliance in *United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), is misplaced. The Supreme Court, in *Doe, su-*

---

1. The fact that petitioner might be liable personally as a result of the investigation is irrelevant. *See, Belli, supra.*

2. From 1976 to 1984 petitioner was Secretary of Girod Trust Company and therefore Girod's custodian of records. Article V, Section 7 of the Articles of Incorporation, of Girod Trust Company states:

   The Secretary. The Secretary shall (a) keep the minutes of the meeting of the shareholders, the Board of Directors, the Executive Committee and all other committees, if any, of which a Secretary shall not have been appointed, in one or more books provided for that purpose; (b) see that all notices are duly given in accordance with the provisions of these By-Laws and as required by law: (c) *be custodian of the corporate records* and of the seal of the Corporation and see that the seal of the Corporation is affixed to all documents, the execution of which on behalf of the Corporation under its seal, is duly authorized; (d) keep a register of the post office address of each shareholder which shall be furnished to the Secretary by such shareholder; (e) have general charge of the stock transfer books of the Corporation; (f) *have general charge of all files, records, legal documents of the Corporation and be responsible for all non-tax, non financial reports, form, and information required by public and private authorities and for the corporation's compliance with all rules and regulations affecting its operations;* and (g) in general perform all duties incident to the office of Secretary and such other duties as from time to time may be assigned to him by the President or by the Board of Directors. (Emphasis added)

*pra,* held that even though the contents of the subpoenaed records in that case were not privileged under the Fifth Amendment, the act of producing the documents was privileged and therefore could not be compelled without a statutory grant of use immunity pursuant to 18 U.S.C. §§ 6002 and 6003. The Court's holding in *Doe,* however, is limited to sole proprietorships. The very language of *Doe* so limits its holding, for the first sentence of Justice Powell's majority opinion unmistakeably states that the issue to be decided concerns sole proprietorships rather than corporations or other collective enterprise forms: "This case presents the issue whether, and to what extent, the Fifth Amendment privilege gainst compelled self-incrimination applies to the business records of a sole proprietorship." *Id.,* 104 S.Ct. at 1239. Furthermore, nowhere in *Doe* it is said, or even suggested, that the privilege applies when it is corporate records that are subpoenaed.

The plaintiff also relies on *In Re Grand Jury Proceedings, supra,* which also held that the authentication of business records would be a testimonial act and could not be compelled without a prior grant of use immunity. However, as in *Doe,* the holding of the Grand Jury proceedings applies only to personal records or records of a sole proprietorship. The Court of Appeals in *United States v. Doe,* 628 F.2d 694, 96 (1st Cir.1980), stated:

> Thus to gain even the limited privilege afforded *In Re: Grand Jury Proceedings, supra,* the custodian of the records must show that the records he possesses are those of his sole proprietorship and that he created them. (Emphasis supplied)

 We also disagree with plaintiff that the subpoena requests the production of personal papers as well as corporate records. A reading of the attachment to the subpoena clearly indicates to the contrary. This is further demonstrated by the fact that the records delivered by plaintiff to this Court did not include any personal papers. We also find irrelevant that the records listed in the subpoena include such things that might not be kept as part of the regular records of a corporation such as jottings of telephone calls. If they are company records, the Fifth Amendment privilege does not protect them. *Bellis v. United States, supra.* If they are not kept as records, the subpoena is not violated for the records would not exist.

WHEREFORE, since Girod Trust Company has no Fifth Amendment privilege against self-incrimination and since the documents inspected by this Court are company records, petitioner's motion to quash the subpoena is DENIED. Petitioner shall produce to the Grand Jury all the documents delivered under seal to this Court.

IT IS SO ORDERED.