William Scott MORRIS and Charlene
A. Morris, his wife, Plaintiffs,

v.

The LOMAS AND NETTLETON
COMPANY, Defendant.

No. 87–4086–R.

United States District Court,
D. Kansas.

June 26, 1993.

William Scott Morris, Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, for plaintiffs.

Charles R. Hay, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for defendant.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

On February 27, 1989, the court granted summary judgment to the defendant. The Tenth Circuit affirmed this court's order on October 16, 1989. This matter is presently before the court upon defendant's motion for an award of attorney's fees. The defendant seeks attorney's fees from plaintiff William Scott Morris, an attorney who represented himself and his wife during this litigation, based upon the bad-faith exception and 28 U.S.C. § 1927. Mr. Morris has failed to timely respond to the defendant's motion.

The defendant contends that Mr. Morris in bad faith multiplied the proceedings of this case in an effort to harass the defendant and possibly obtain a "nuisance" settlement. The defendant seeks attorney's fees and expenses in the amount of $13,786.91.

The standards for imposing fees under either the bad-faith exception or § 1927 are similar and extreme. In *Dreiling v. Peugeot Motors of America, Inc.*, 850 F.2d 1373, 1382–83 (10th Cir.1988), the Tenth Circuit summarized the standard for assessing attorney's fees under the bad-faith exception:

> Despite the American rule that each party shall bear its own litigation expenses, federal courts possess the inherent authority to "assess attorneys' fees ... when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons....'" *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975) (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). This sanction may attach in any bad-faith lawsuit, whether unreasonably filed or improperly continued:
>
> > "The bad-faith exception for the award of attorney's fees is not restricted to cases where the action is filed in bad faith. '"[B]ad faith" may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation.' *Hall v. Cole*, 412 U.S. 1, 15 [93 S.Ct. 1943, 1951, 36 L.Ed.2d 702] (1973)."
>
> *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). Both client and counsel may be held liable for attorney's fees. *Id.*

Recognizing that illiberal use of the sanction might discourage the zealous advocacy of difficult cases, we trust the imposition of attorney's fees to the cautious discretion of the district court, *Mertsching v. United States,* 704 F.2d 505, 506 (10th Cir.) (per curiam), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983), after fair notice to the parties and a hearing on the record. *Roadway Express,* 447 U.S. at 767, 100 S.Ct. at 2464; *Rosewitz v. Latting,* 689 F.2d 175, 178 (10th Cir.1982). We note, however, that the bad-faith exception to the general rule that attorney's fees may not be recovered requires more than a showing of a weak or legally inadequate case, and more than a finding of negligence, frivolity, or improvidence. *Cornwall v. Robinson,* 654 F.2d 685, 687 (10th Cir.1981).

Section 1927 allows the court to award attorneys' fees and expenses against any attorney who "multiplies the proceedings in any case unreasonably and vexiatiously." An award should be made under § 1927 only where there is a serious and standard disregard for the orderly process of justice. *White v. American Airlines, Inc.,* 915 F.2d 1414, 1427 (10th Cir.1990). The sanction of fees is appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir.1987) (*en banc*).

This case arose from a residential mortgage and loan transaction involving the Morrises and the defendant. Prior to filing this case, Mr. Morris wrote letters to the defendant and to defendant's counsel. These letters suggest Mr. Morris' motive in pursuing this litigation. In a letter dated April 3, 1986, Mr. Morris made the following statement to an officer for the defendant:

This will be the last written communication you receive from us prior to your receipt of a petition filed in the Federal District Court here in Topeka, Kansas. It is our intention that suit will be filed against the Lomas & Nettleton Company, for these violations of the Truth In Lending Act, should you ignore our letter, and fail to make any attempt to contact us within twenty days after you receive this rescission notice and explanation letter. *If you are not familiar with the Federal Court system, I can assure you that this Court is very much back logged, and there is no question that this type of case could be litigated within the Federal Court system for years. I would estimate that the case could take anywhere from 2 to 5 years or more should every stage of the civil procedure rules and regulations be used by us. And, I can assure you that every stage and every procedure that we are authorized to use we will in fact use them.* (emphasis added).

On February 16, 1987, Mr. Morris wrote to defendant's counsel and made the following statement:

I would also hope that you will inform your client that my wife and I are adamant upon proceeding to trial upon this matter if necessary. *In addition, should we be unsuccessful at trial, I can assure you that we will exhaust all our remedies throughout the appellant level. Therefore, I would suggest that your client be informed that we will proceed with this matter to the highest court necessary.* (emphasis added).

This case was filed on March 20, 1987. The case was filed by Mr. Morris on behalf of himself and his wife. The complaint contained various claims brought under the Truth–in–Lending Act, 15 U.S.C. § 1601 *et seq.,* and the Kansas Consumer Protection Act, K.S.A. 50–623 *et seq.* On April 3, 1987, Robert E. Keeshan entered his appearance as counsel for both plaintiffs. On November 19, 1987, the defendant moved for summary judgment. In responding to defendant's motion for summary judgment, Keeshan apparently recognized the frivolous nature of most of the claims that Mr. Morris had asserted in the complaint and simply failed to address many of the arguments made by the defendant.

On April 7, 1988, the Federal National Mortgage Association (FNMA), assignee of the Morris' mortgage loan from the defendant, filed a foreclosure action in state court. On May 13, 1988, William Scott Morris entered his appearance as co-counsel for both

plaintiffs in the case. On May 31, 1988, Mr. Morris filed a motion to join FNMA as a party and a motion to amend the complaint to add several additional causes of action. The deadline for filing motions to amend or to add parties had expired on September 18, 1987. In his motion to join FNMA as a party, Mr. Morris stated that he had no reason to know that FNMA was the holder of the mortgage on plaintiffs' home until April 1988. On June 6, 1988, he filed an amended motion to amend. In that motion, he stated that he sought to add claims of breach of contract, negligence, fraud, and violations of the Fair Debt Collections Act. Thereafter, he sought to modify the prior scheduling order in the case to extend the designated deadlines. On July 27, 1988, Keeshan moved to withdraw as counsel for the plaintiffs, citing irreconcilable differences as the reason for withdrawal. He was allowed to withdraw on September 9, 1988. The magistrate subsequently held a hearing on September 8, 1988 to consider the motions filed by Mr. Morris. He granted Mr. Morris until November 4, 1988 in which to provide the court with documentation supporting his motions. Mr. Morris failed to provide anything to the court. The motions to amend and to add a party were denied on February 17, 1989. Thereafter, the court granted the defendant's motion for summary judgment on February 27, 1989. Plaintiffs filed a notice of appeal on March 29, 1989. This court's decision was affirmed on October 16, 1989. Following the decision by the Tenth Circuit, Mr. Morris wrote defendant's counsel a letter in which he stated, inter alia:

As I told you during our meeting, if your client sought to collect a deficiency or fees, or costs, we would file an immediate bankruptcy, which would further delay the transfer of property.

The instant motion for fees was filed on March 21, 1990.

Having carefully reviewed the factual background of this case, the court finds that the defendant is entitled to an award of attorney's fees from Mr. Morris under both the bad-faith exception and 28 U.S.C. § 1927. The actions taken by Mr. Morris, coupled with his various threats to the defendant concerning this litigation, indicate that he prosecuted this action in bad faith. The complaint filed by Mr. Morris, on behalf of himself and his wife, contained a number of frivolous claims. Many of these claims were subsequently abandoned by counsel who later represented him during the summary judgment stage of this case. Mr. Morris, however, sought to improperly extend this case by adding the FNMA as a party and a number of other frivolous claims. The appeal taken in this case also appears to have been frivolously and vexatiously undertaken. As an attorney, Mr. Morris has certain responsibilities in assessing the merits of litigation. It is apparent that he failed in his duties to this court. Accordingly, the court shall grant the defendant's motion for attorney's fees. After a careful review of the defendant's motion and Mr. Morris' actions, we find that the defendant is entitled to attorney's fees and expenses in the amount of $8,000.00.

**IT IS THEREFORE ORDERED** that defendant's motion for award of attorney's fees (Doc. # 66) be hereby granted. The defendant is hereby awarded attorney's fees and expenses in the amount of $8,000.00.

**IT IS SO ORDERED.**