**FEDERAL DEPOSIT INSURANCE CORPORATION, a Federal corporation, et al., Plaintiffs,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, a corporation, et al., Defendants.**

**Civ. No. 71–16.**

United States District Court, W. D. Oklahoma, Civil Division.

Sept. 14, 1971.

---

John H. Cantrell, Oklahoma City, Okl., David Ross, Newkirk, Okl., W. W. Rodgers, Blackwell, Okl., William E. Murane, Gen. Counsel, F. D. I. C., Myers N. Fisher, Washington, D. C., for plaintiffs.

James W. Shepard, Oklahoma City, Okl., for St. Paul Fire & Marine.

L. E. Stringer, Oklahoma City, Okl., for John Hancock.

R. Brown Wallace, Oklahoma City, Okl., for American Home.

## ORDER

DAUGHERTY, District Judge.

Defendants seek to compel Plaintiffs to further answer Interrogatories concerning the nature of certain reports of FDIC examiners and the names of persons having information concerning the cause of death of James W. Boone and any doctor or other expert with whom any Plaintiff has discussed such matters. Plaintiff Federal Deposit Insurance Corporation (FDIC), in response to Defendants' Interrogatories 1, 9 and 15, has refused to disclose this information on the ground of executive privilege of the Government, citing 18 U.S.C.A. §§ 1905 and 1906 which prohibit disclosure of official matters and 12 CFR § 309.1.[1]

---

1. 12 CFR § 309.1(b) provides in pertinent part:

"*Unpublished information; confidential and privileged information.* All * * * reports * * * pertaining to any bank * * * in the possession or control of the Corporation (FDIC) or any officer, employee, or agent thereof, which are * * * (2) contained in or related to examination, operating, or condition reports prepared by or on behalf of, or for the use of the Corporation * * * (4) privileged or related to the business, personal, or financial affairs of any person

The individual Plaintiffs do not respond to Defendants' Motion.

■ As to Interrogatory 9, Defendants have suggested that as FDIC, a Federal corporation and a governmental agency, has instituted this action it is not entitled to assert a claim of governmental privilege, or by bringing this action has waived the same as to information here desired. This Court has held that the FDIC is a Federal agency within the meaning of the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq. Freeling v. Federal Deposit Insurance Corporation, 221 F.Supp. 955 (Okl. 1962), aff'd 326 F.2d 971 (Tenth Cir.). The Court concludes that as a Federal agency, it is an entity entitled to assert a claim of governmental privilege where the same exists, or has not been waived and provided it does so properly.

■ As to waiver or denial of governmental privilege by reason of instituting the suit, the authorities generally in this situation deny the privilege with notable exceptions as the identity of informers and state, diplomatic and military secrets. Anno.—Government's Privilege Against Disclosure, 95 L.Ed. 425 at pages 446–447 supplemented by 97 L.Ed. 735; see United States v. Continental Can Co., 22 F.R.D. 241 (N.Y.1958); United States v. Gates, 35 F.R.D. 524 (Colo.1964); Mitchell v. Roma, 265 F.2d 633 (Third Cir. 1959); Wirtz v. Continental Finance & Loan Co., 326 F.2d 561 (Fifth Cir. 1964); 8 Federal Practice & Procedure (Wright & Miller) § 2019, p. 153 et seq. The Court concludes from the foregoing authorities and the nature and circumstances of this case that Plaintiff FDIC should be denied governmental privilege as to the reports of FDIC examiners because it instituted this action. In any event, the privilege has not been properly invoked.[2]

■ With respect to Plaintiffs' Objection to Interrogatories 1 and 15 which request names and addresses of persons having information concerning the case, the Court concludes that such

and are furnished in confidence; (6) interagency or intraagency memorandums or letters which would not be available by law to a private party in litigation with the Corporation; (7) investigatory records compiled for enforcement of the Federal Deposit Insurance Act and other statutes, except to the extent available by law to a private party; (8) personnel files and similar files (including financial files) the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; * * * are confidential and privileged and the disclosure thereof is prohibited except in the manner and to the extent provided for in this section."

12 CFR § 309.1(e) provides:

"*Authority of Chairman of Board of Directors.* Notwithstanding any of the foregoing provisions, the Chairman of the Board of Directors, in his discretion and pursuant to law, may authorize the production, examination, or inspection of any records, or the furnishing of copies thereof, or the disclosure of any information, or the Chairman, in his discretion, may direct the General Counsel or the Chief of any Division to refuse to permit the production, examination, or inspection of any records, or the furnishing of copies thereof, or the disclosure of any information, if he shall find such action to be in the best interests of the Corporation and consistent with the public interest and applicable law."

2. Under the procedures of United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727, 32 A.L.R.2d 382 (1953), a claim of privilege by the government must be formally lodged by the head of the governmental department that has control over the matter, after actual personal consideration by that officer. The *Reynolds* case involved a "state secrets" claim, but the procedures evolved have been applied to claims of executive privilege, that is, claim not involving the national security. 8 Federal Practice & Procedure (Wright & Miller) § 2019, pp. 170–171. Whether the privilege is rightfully invoked is a question of law for the Court. Sperandeo for and on Behalf of N.L.R.B. v. Milk Drivers & Dairy Employees Local Union No. 537, 334 F.2d 381 (Tenth Cir. 1964). The claim of privilege has been asserted only by locally employed private counsel and is not sufficient in view of the *Reynolds* case, *supra*.

Objection is wholly without merit. Rule 26(b) (1), F.R.Civ.P., 28 U.S.C.A. The identity and location of persons having knowledge of matters pertaining to an action are not privileged, except in the possible instance of informers. 8 Federal Practice & Procedure (Wright & Miller) § 2013, pp. 99–104. Names of witnesses, including investigators, are not privileged as work product. 8 Federal Practice & Procedure (Wright & Miller) § 2013, pp. 105–106.

The Motion to Require Further Answers to Interrogatories of Defendants is granted with respect to Interrogatories 1, and 9 and 15 and Plaintiff is granted ten (10) days from the date hereof within which to further answer the Interrogatories. Inasmuch as Defendants' Motion was directed to all Plaintiffs, and the individual Plaintiffs other than FDIC do not respond· thereto said individual Plaintiffs are directed to further answer the Defendants' Interrogatories 1, 9 and 15 within ten (10) days of the date hereof or show cause why they should not or cannot answer.