C. M. RUSSELL, Jr., et al., Plaintiffs,

v.

CURTIN MATHESON SCIENTIFIC, INC., et al., Defendants.

Civ. A. No. 76–H–881.

United States District Court,
S. D. Texas,
Houston Division.

June 23, 1980.

Carol C. Nelkin, Nelkin & Nelkin, Houston, Tex., for plaintiffs.

Clinton S. Morse, James V. Carroll, III, Andrews, Kurth, Campbell & Jones, Houston, Tex., for defendants.

## ORDER

McDONALD, District Judge.

Came on to be heard the defendants' Motion for Reconsideration of Defendants' Motion to Compel Answers to Depositions. The defendants seek an order:

(i) directing that plaintiffs C. M. Russell, Jr. and R. E. James appear for further deposition and there to answer questions of Defendants' counsel specifically relating to all legal advice that Mr. [John] Breed or any other lawyer extended to either Mr. James, Mr. Russell, or both prior to December 30, 1975 concerning procedural problems which either faced in bringing an ADEA action and/or how either might satisfy the procedural prerequisites for bringing such an action, and (ii) permitting Defendants to depose, if necessary, Mr. [John] Breed and/or Ms. Carol Nelkin concerning what, if any, advice he or she extended to either C. M.

Russell, Jr., or R. E. James prior to December 30, 1975 concerning such issues. *Defendants' Brief in Support of Motion to Compel Answer to Deposition,* at 6. The defendants filed their original motion to compel answers to depositions on February 21, 1980. The plaintiffs did not respond. On April 15, 1980, United States Magistrate Frank G. Waltermire, in a written Memorandum and Order, denied defendants' motion in its entirety. On April 28, 1980, pursuant to 28 U.S.C. § 636(b)(1), the defendants filed this motion for reconsideration. The plaintiffs filed no response.

In order to properly understand the pending motion, it is necessary to review some of the procedural history of the instant case. This action was filed under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*, on May 26, 1976. On August 9, 1977, the defendants filed a motion to dismiss. The basis of that motion, in part, was the failure of the plaintiffs to file the necessary notice of intent to file suit within the statutorily proscribed 180-day period. *See* 26 U.S.C. § 626(d)(1). That motion was denied by United States District Court Judge John V. Singleton in an Order dated April 28, 1978. Relying on an affidavit filed by plaintiff Russell, Judge Singleton found that, "Mr. Russell was affirmatively misled [by the Department of Labor] to believe that the complaint he filed with the DOL in November, 1973, was sufficient to protect his rights to bring suit against his employer under ADEA." Order of April 28, 1978, at 8. That fact, Judge Singleton held, equitably tolled the running of the 180-day notice requirement "in Mr. Russell's case until he received actual notice of the requirement on December 12, 1975." *Id.* at 9.

As discovery progressed, it became clear that Judge Singleton may not have had an opportunity to consider all of the evidence relevant to the equitable tolling issue. Specifically, the depositions of plaintiffs James and Russell indicate that both plaintiffs spoke with an attorney, Mr. John Breed, in reference to their age discrimination claims, more than 180 days prior to December 30,

1975. *See* Deposition of Robert Elmer James, Jr., at 81–89; Deposition of Carson McCloud Russell, Jr., at 124–125. Although plaintiffs James and Russell testified at deposition that they discussed their claims with Mr. Breed and that Mr. Breed decided not to represent them, they refused, on the advice of counsel, to say any more about the subject. *See* Deposition of Robert Elmer James, Jr., *supra*; Deposition of Carson McCloud Russell, Jr., *supra*. They claim that this information is protected by the attorney-client privilege.

In *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D.Wash.1975), the court reviewed the exceptions to the rules of privilege. All of them, it said:

have a common denominator; in each instance, the party asserting the privilege placed information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party.

That is precisely the situation in the present case. The plaintiffs assert the attorney-client privilege. They have, however, by an "affirmative act for [their] own benefit," the raising of the equitable tolling issue, "placed information protected by [the privilege] in issue." It is essential to proper resolution of the equitable tolling issue to know when the plaintiffs learned of the 180-day requirement, whether they learned of it from their attorney or someone else. *See Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975); *Dartt v. Shell Oil Company*, 539 F.2d 1256, 1261 n. 4 (10th Cir. 1976), *affirmed by an equally divided Court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977). To "protect against disclosure of such information would [be] manifestly unfair to the [defendants]." As Magistrate Waltermire fully acknowledged in his Order of April 15, 1980, at 3, "the deliberate injection of the advice of counsel into a case waives the attorney-client privilege as to communications relating to the advice. *Garfinkle v. Arcata National Corp.*, 64 F.R.D. 688 (S.D.N.Y.1974); *Smith v. Bentley*, 9 F.R.D. 489 (S.D.N.Y.

1949); *See* also, 8 Wigmore, *Evidence* § 2327 (McNaughton rev. 1961)." The plaintiffs' equitable tolling argument constitutes just such a deliberate injection of the advice of counsel into the case. *See Connell v. Bernstein-Macaulay, Inc.*, 407 F.Supp. 420, 422–423 (S.D.N.Y.1976). The communications in question are not protected by the attorney-client privilege. Magistrate Waltermire's conclusion to the contrary was "clearly erroneous" and "contrary to law." 28 U.S.C. § 636(b)(1)(A).

The defendants request an order allowing them to inquire into all communications concerning procedural problems involved in bringing an ADEA action between plaintiffs Russell and James and Mr. James Breed or any other lawyer prior to December 30, 1975. Not all such communications are relevant to resolution of the equitable tolling issue. The plaintiffs filed their notice of intent to file suit on December 30, 1975. Any communications which they might have had with attorneys less than 180 days prior to that date might have caused the time period to begin to run, but would not have affected the plaintiffs' ability to get into court. Such communications are helpful to neither the Court nor the defendants in resolving the issue injected into the case by the plaintiffs. They are, therefore, still covered by the attorney-client privilege.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the defendants' Motion for Reconsideration of Motion to Compel Answers to Depositions be GRANTED IN PART and DENIED IN PART and that Magistrate Waltermire's Memorandum and Order of April 15, 1980, be OVERRULED IN PART and AFFIRMED IN PART. It is further ORDERED that plaintiffs R. E. James, Jr., and C. E. Russell, Jr., appear for further deposition and answer questions of defendants' counsel specifically relating to all legal advice that Mr. John Breed or any other lawyer extended to either or both of them more than 180 days prior to December 30, 1975, concerning procedural problems which either faced in bringing an ADEA action

and/or how either might satisfy the procedural prerequisites for bringing such an action. The defendants may, if necessary, depose Mr. John Breed and/or Ms. Carol Nelkin concerning what advice, if any, he or she extended to either C. M. Russell, Jr., or R. E. James, Jr., more than 180 days prior to December 30, 1975, concerning such issues.