The **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silverado Banking, Savings and Loan Association, Plaintiff,**

v.

**Michael R. WISE, Robert M. Lewis, Richard Vandapool, W. James Metz, Florian F. Barth, Richard J. Bunchman, Neil M. Bush, Dianne E. Ingels, Marjorie E. Page, Richard F. Vitkus, Russell M. Murray, the law firm of Sherman & Howard, a Colorado general partnership engaged in the practice of law, and Ronald H. Jacobs, Defendants.**

Civ. A. No. 90–F–1688.

United States District Court,
D. Colorado.

April 5, 1991.

See also 758 F.Supp. 1414.

John Joseph Mullins, Jr., Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., John L. Rogers, F. Thomas Hecht, James D. Ossyra, Hopkins & Sutter, Chicago, Ill., Thomas Hindes, Federal Deposit Ins. Corp., Washington, D.C., for plaintiff.

Robert E. Kendig, Garfield & Hecht, P.C., Aspen, Colo., Maurice Nessen, Kramer, Levin, Nessen, Kamin & Frankel, New York City, for defendant Michael R. Wise.

Jeffrey S. Pagliuca, Holland, Seelen & Pagliuca, Denver, Colo., for defendant Robert M. Lewis.

Richard Vandapool, pro se.

Bruce G. McLellan, Bruce G. McLellan, P.C., Lakewood, Colo., for defendant W. James Metz.

Jeffrey A. Chase, Kevin Michael Shea, Holme Roberts & Owen, Denver, Colo., for defendant Florian F. Barth.

Miles C. Cortez, Jr., Barbara Z. Blumenthal, Cortez Friedman & Coombe, P.C., Denver, Colo., for defendant Richard J. Bunchman.

James E. Nesland, William J. Leone, Leslie J. Kramer, Ireland, Stapleton, Pryor & Pascoe P.C., Denver, Colo., for defendant Neil M. Bush.

J. Lawrence Hamil, Richard C. Morris, Hamil Professional Corp., Denver, Colo., for defendant Dianne E. Ingels.

Marjorie E. Page, pro se.

Roger P. Thomasch, Ballard, Spahr, Andrews & Ingersoll, Denver, Colo., Barry D. Hovis, Carol J. Marshall, Linda G. Lipscomb, Adams, Sadler & Hovis, San Francisco, Cal., for defendant Richard F. Vitkus.

Russell M. Murray, pro se.

Robert D. McLean, Richard D. Bernstein, Michael D. Warden, Sidley & Austin, Washington, D.C., Edwin S. Kahn, James W. Hubbell, Kelly, Haglund, Garnsey & Kahn, Denver, Colo., for defendant law firm Sherman & Howard and Defendant Ronald H. Jacobs.

Michael J. Norton, U.S. Atty. D. Colorado, William G. Pharo, Asst. U.S. Atty., Denver, Colo., Kenneth J. Guido, Jr., Sr. Trial Atty., Washington, D.C., Kirk A. Dielman, Dist. Counsel, Topeka, Kan., for intervenor The Office of Thrift Supervision.

## ORDER GRANTING MOTION TO COMPEL

### No. 1991–8

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on defendants Sherman & Howard's and Ronald H. Jacobs's motion to compel production of assertedly privileged regulatory documents, filed March 19, 1991. On March 20, 1991, defendant Florian F. Barth joined in the motion. Defendants Richard F. Vitkus and Richard J. Bunchman joined in the motion on March 26, 1991. The court granted the Office of Thrift Supervi-

sion's motion to intervene for the limited purpose of objecting to the production of privileged documents on March 26, 1991. For the reasons stated below, the motion is hereby GRANTED.

## I.

■ In the American legal system, discovery requests receive liberal treatment from the courts. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Davis v. Wick*, No. 90–F–832, slip op. at 2 (D.Colo. Feb. 27, 1991). Under Fed. R.Civ.P. 26(b)(1), materials need only be relevant to the subject matter of the litigation to be discoverable. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343–44 (10th Cir.1975); *Smith v. Frazzini*, No. 90–F–298, slip op. at 4 (D.Colo. Mar. 14, 1991). Evidence is relevant when its retrieval has the mere tendency to make the existence of any fact of consequence more or less probable. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Federal Deposit Ins. Corp. v. Wise*, No. 90–F–1688, slip op. at 2 (D.Colo. Mar. 27, 1991); Fed.R.Evid. 401. It is not a ground for objection that the information sought will be inadmissible at trial. *Maroski, Inc. v. American Natural Gas Corp.*, No. 90–F–654, slip op. at 4 (D.Colo. Feb. 14, 1991); Fed.R.Civ.P. 26(b)(1). However, Fed.R.Civ.P. 26(b)(1) does not allow litigants to discover privileged matters. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29, 104 S.Ct. 2199, 2205–06, 81 L.Ed.2d 17 (1984). Even if relevant, privileged matters may be withheld from discovery. *Baldrige v. Shapiro*, 455 U.S. 345, 360, 102 S.Ct. 1103, 1112–13, 71 L.Ed.2d 199 (1982).

## II.

Movants have sought to compel the production of regulatory documents generated or received by the Office of Thrift Supervision, the Federal Home Loan Bank Board, and the Federal Home Loan Bank of Topeka.[1] Plaintiff has refused to produce the documents, asserting the attorney-client privilege, *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), the attorney work product doctrine, *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Fed.R.Civ.P. 26(b)(3), the governmental deliberative process privilege, *National Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975), and the governmental investigatory privilege, *United States v. Winner*, 641 F.2d 825, 831 (10th Cir.1981).[2] Before analyzing the potential application of these privileges, we must determine whether certain conduct by plaintiff may prevent assertion of these doctrines. Movants argue that by filing the lawsuit, the FDIC has waived any privileges with regard to these documents.

■ The courts have followed three different approaches when ruling on the waiver of privileges. *Zenith Radio Corp. v. United States*, 764 F.2d 1577 (Fed.Cir. 1985). The first theory is the "automatic waiver" rule adopted in *Independent Prods. Corp. v. Loew's, Inc.*, 22 F.R.D. 266 (S.D.N.Y.1958). The second theory, first espoused in *Black Panther Party v. Smith*, 661 F.2d 1243 (D.C.Cir.1981), *vacated without opinion*, 458 U.S. 1118, 102 S.Ct. 3505, 73 L.Ed.2d 1381 (1982), utilizes a balancing approach. The third theory, created in *Hearn v. Rhay*, 68 F.R.D. 574 (E.D.Wash.1975), employs a three-prong test. Each theory is discussed individually below.

## A.

Under the *Independent Productions* approach, when a litigant brings a claim, counterclaim, or affirmative defense, and

---

1. All factual recitations in this order have been alleged in either plaintiff's complaint, the litigants' motions to compel, the responses to the motions to compel, or the reply to the responses to the motions to compel.

2. OTS also asserts that movants may not compel production of these documents for failure to comply with certain regulations. OTS maintains that movants must subpoena the records. Upon review of 55 Fed.Reg. 7695–96 (1990) (to be codified at 12 C.F.R. § 510.5) and 31 C.F.R. Part 1 Subpart A, we are not persuaded that movants must first subpoena the documents in order to gain access.

injects a certain issue into the forefront of the litigation, that party has automatically waived whatever privileges they may have had. *Independent Prods.*, 22 F.R.D. at 277. Other courts have adopted this rule, reasoning that the mere presentation of a claim or defense prevents the assertion of privilege. *Lyons v. Johnson*, 415 F.2d 540, 542 (9th Cir.1969), *cert. denied*, 397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1970); *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 25 n. 2 (S.D.N.Y. 1984); *Ghana Supply Comm'n v. New England Power Co.*, 83 F.R.D. 586, 593–94 (D.Mass.1979); *Federal Deposit Ins. Corp. v. St. Paul Fire & Marine Ins. Co.*, 53 F.R.D. 260, 262 (W.D.Okla.1971).

We believe that the automatic waiver approach is too rigid. *Afro–Lecon, Inc. v. United States*, 820 F.2d 1198, 1205 (Fed. Cir.1987); *see Sedco Int'l, S.A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir.), *cert. denied*, 459 U.S. 1017, 103 S.Ct. 379, 74 L.Ed.2d 512 (1982). The various privileges that may be asserted involve subtle and sensitive questions that should not be summarily ignored without a more penetrating analysis. *Zenith Radio*, 764 F.2d at 1580. Since application of this rule precludes any consideration of the relative interests involved, we are persuaded that its adoption would lead to needlessly harsh results. *Greater Newburyport Clamshell Alliance v. Public Serv. Co.*, 838 F.2d 13, 20 (1st Cir.1988). We decline to adopt this standard.

### B.

Other jurisdictions have applied a loose balancing test. These courts generally balance the need for discovery against the need to protect the secrecy of the communication. *Black Panther Party*, 661 F.2d at 1266. Our concern with this approach is its lack of concreteness. Those jurisdictions which have applied a balancing formulation have not consistently utilized or adequately articulated the appropriate standard.

*Afro–Lecon*, 820 F.2d at 1206; *Zenith Radio*, 764 F.2d at 1579–81; *Greater Newburyport*, 838 F.2d at 19; *see Mertsching v. United States*, 547 F.Supp. 124, 128 (D.Colo.1982), *aff'd*, 704 F.2d 505 (10th Cir.), *cert. denied*, 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983). We therefore reject this theory.

### C.

The third approach was first espoused in *Hearn v. Rhay*, 68 F.R.D. 574 (E.D.Wash. 1975). In *Hearn*, the court adopted a three-prong test. If (i) assertion of the privilege is the result of some affirmative act, such as filing suit, by the asserting party, (ii) through the affirmative action, the asserting party has placed the protected information at issue by making it relevant to the case, and (iii) application of the privilege would deny the opposing party access to information vital to its defense, the court should find that the asserting party has impliedly waived the privilege through its own affirmative conduct. *Hearn*, 68 F.R.D. at 581. Several jurisdictions have either adopted this standard or cited *Hearn* approvingly.[3] *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir.1989); *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1099 (7th Cir.1987); *GAB Business Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 n. 11 (11th Cir.1987); *Fox v. California Sierra Fin. Servs.*, 120 F.R.D. 520, 530 n. 2 (N.D.Cal.1988); *In re Consol. Litig. Concerning Int'l Harvester's Disposition of Wis. Steel*, 666 F.Supp. 1148, 1150–51 (N.D.Ill.1987); *Research Inst. for Medicine & Chemistry, Inc. v. Wisconsin Alumni Research Found.*, 114 F.R.D. 672, 679 (W.D.Wis.1987); *United States v. Hooker Chems. & Plastics Corp.*, 112 F.R.D. 325, 329, 337 (W.D.N.Y.1986); *Standard Chartered Bank PLC v. Ayala Int'l Holdings (US), Inc.*, 111 F.R.D. 76, 80–81 (S.D.N.Y.1986); *Federal Deposit Ins. Corp. v. United States*, 527 F.Supp. 942, 950–51 (S.D.W.Va.1981); *United States v.*

---

**3.** When adopting this test, the court in *Hearn* stated, "this court is compelled to recognize a new and narrowly limited exception ·... which applies to civil rights suits against state officials under 42 U.S.C. § 1983, wherein the defendant asserts the affirmative defense of good faith immunity." *Hearn*, 68 F.R.D. at 580. The adoption of the *Hearn* standard outside this context by several jurisdictions demonstrates that the rule is no longer limited to this narrow area.

*Exxon Corp.*, 94 F.R.D. at 248; *Russell v. Curtin Matheson Scientific, Inc.*, 493 F.Supp. 456, 458 (S.D.Tex.1980); *Pitney–Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 447 (S.D.Fla.1980); *Mountain States Tel & Tel. Co. v. DiFede*, 780 P.2d 533, 543–44 (Colo.1989).[4]

■ Applying the three-prong test, we believe that plaintiff has impliedly waived any privileges that it could assert with regard to these documents. First, plaintiff is asserting various privileges as the result of its affirmative decision to file the action against defendants. Second, we believe that plaintiff has put the requested information at issue by making it relevant to the case. The amended complaint alleges, among other things, that (i) federal regulators disapproved of Silverado's lending policies and management prior to the transactions at issue, and were misled concerning those transactions, Amended Complaint at ¶¶ 21, 46, 86, 90, 104–108, 133, 140, 145, 170, 173, 180, and 183, (ii) regulators opposed Silverado's growth, Amended Complaint at ¶ 21, (iii) Silverado made new loans in order to hide existing problem loans, Amended Complaint at ¶¶ 56, 63, 72, 77, 78, and 89, (iv) appraisals were inadequate, Amended Complaint at ¶¶ 21, 35, 46, 60, 72, 74, 84, 88, 108, and 153, and (v) Silverado violated internal lending guidelines despite promises that they would be followed, Amended Complaint at ¶¶ 22, 23, 31, 46, 48, 56, 66, 75, 86, 88, 90, 133, 173–177, 183, 186, and 187. By making such repeated allegations, plaintiff has injected into this controversy the actions, knowledge, and beliefs of the regulators, forcing these issues to the very forefront of the litigation. *GAB Business Servs.*, 809 F.2d at 762 n. 11; *DiFede*, 780 P.2d at 544. Finally, we are persuaded that defendants' ability to test these allegations by reviewing the regulatory documents is vital to their defense. *GAB Business Servs.*, 809 F.2d at 762 n. 11; *Haymes v. Smith*, 73 F.R.D. 572, 577 (W.D.N.Y.1976). Since the FDIC affirmatively placed this information at issue, allowing it to assert privileges to protect against disclosure of these documents would be manifestly unfair to defendants. *Conkling*, 883 F.2d at 434 (quoting *Hearn*, 68 F.R.D. at 581).

As we have found that any privileges have been waived by the FDIC with regard to these documents, we need not address the other issues presented by the litigants. Accordingly, defendants' motion to compel production of assertedly regulatory documents is hereby GRANTED.

### III.

ACCORDINGLY, it is hereby ordered:

1) The court in receipt of the Office of Thrift Supervision's motion to file a response to the reply in support of defendants' motion to compel, filed April 4, 1991. The motion is hereby GRANTED.

2) Defendants Sherman & Howard's and Ronald H. Jacobs's motion to compel production of assertedly privileged regulatory documents, filed March 19, 1991, joined by defendant Florian F. Barth on March 20, 1991, and defendants Richard F. Vitkus and Richard J. Bunchman on March 26, 1991, is hereby GRANTED.

3) Plaintiff Federal Deposit Insurance Corporation is DIRECTED to produce all relevant documents generated or received by the Office of Thrift Supervision, the Federal Home Loan Bank Board, and the Federal Home Loan Bank of Topeka by Wednesday, April 10, 1991.

---

**4.** While many of these opinions deal exclusively with the attorney-client privilege, we are persuaded that this analysis applies to the waiver of any privilege asserted by a litigant. *Afro–Lecon,* 820 F.2d at 1204; *Zenith Radio,* 764 F.2d at 1279; *United States v. Exxon,* 94 F.R.D. 246, 248 (D.D.C.1981).