**Juliann K. RYALL, Plaintiff,**

v.

**APPLETON ELECTRIC COMPANY, a Delaware corporation, Defendant.**

**Civ. A. No. 93–K–510.**

United States District Court, D. Colorado.

March 10, 1994.

Eldon E. Silverman, Elrod, Katz, Preeo, Look, Moison & Silverman, Denver, CO, for plaintiff.

Lawrence W. Marquess, Otten, Johnson, Robinson, Neff & Ragonetti, Denver, CO, for defendant.

## ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING MOTION TO COMPEL

KANE, Senior District Judge.

This matter is before me on Defendant Appleton Electric Company's objections to the magistrate judge's January 31, 1991 memorandum opinion and order granting Plaintiff Juliann K. Ryall's motion to compel. Under Fed.R.Civ.P. 72(a), I may modify or set aside any portion of this order which is clearly erroneous or contrary to law. I sustain Appleton's objections in part and set aside the order granting Ryall's motion to compel.

Ryall brings this action under federal and state civil rights laws, alleging sexual harassment in the workplace. In its sixth affirmative defense, Appleton maintains that it is not liable on Ryall's claims because it conducted a good faith investigation of her complaints of harassment and took appropriate corrective action. The instant dispute arose when Ryall began discovery as to the extent of Appleton's alleged good faith investigation.

Ryall filed this motion to compel, or in the alternative to strike Appleton's sixth affirmative defense, on December 20, 1993. She seeks an order requiring Appleton to: (1) supply additional information responsive to Interrogatory Nos. 35 and 43, detailing "the

substance of the investigation and each person's participation or response to investigation or inquiry," (2) respond to Request to Produce No. 13, by turning over all notes and statements made during the investigation, and (3) provide complete responses to deposition questions asked of the witnesses who had participated in the investigation.

Appleton has voluntarily complied in part as to these requests. Its investigation was conducted by two company officials: Robert Dunn, Appleton's director of industrial relations, and Jeffrey Carius, its chief employment counsel. Dunn interviewed four witnesses: Gladys Jimenez, Miriam Blazowski, Ruth Funkhouser and Gloria Velasquez. Carius interviewed two witnesses: Donald Ward, the Appleton manager who allegedly harassed Plaintiff, and Dan Ryall, Plaintiff's husband, who also worked at Appleton. Appleton has produced the written statements Dunn prepared, which summarize the information he obtained in the interviews and which were signed by three of the four witnesses he spoke with. In addition, it permitted Ryall to reopen the depositions of the witnesses to permit additional questions based on the statements.

Appleton objects, however, to the production of the written notes Carius took during his interviews of Ward and Ryall. Unlike Dunn, Carius did not prepare any witness statements based on these notes. In addition, Appleton objects to the disclosure, through interrogatories or depositions, of the substance of the interviews. Appleton asserts the attorney-client privilege and work product immunity as to both requests.

In its memorandum opinion, the magistrate judge granted Ryall's motion to compel, finding that Appleton had impliedly waived the attorney-client privilege under *Hearn v. Rhay,* 68 F.R.D. 574 (E.D.Wash.1975). *Hearn* holds that, to find an implied waiver of the attorney-client privilege, the movant must show:

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the oppos-

ing party access to information vital to his defense.

*Id.* at 581; *see also Federal Deposit Ins. Corp. v. Wise,* 139 F.R.D. 168, 171 (D.Colo. 1991). The magistrate judge reasoned that Appleton had asserted the privilege as a result of its own action in raising its sixth affirmative defense of a good faith investigation. Therefore, the magistrate judge ruled that it had made information acquired through the investigation essential to this defense. Finally, the magistrate judge held that upholding the privilege "would be manifestly unfair" and "would deny Plaintiff [her] only means to challenge the sufficiency of Defendant's defense." (Mem. Op. at 4, 5.) I disagree with these conclusions for two reasons.

■ First, Appleton has asserted both the attorney-client privilege *and* work product immunity as to Carius' notes and the substance of his interviews of Ward and Ryall. *Hearn* applies only to a waiver of the attorney-client privilege and does not concern the distinct and broader concept of work product immunity. *See* 68 F.R.D. at 580 ("material compiled by counsel in preparation for this lawsuit would be protected from discovery by the 'work product' doctrine, which exists independently of the attorney-client privilege."). *See generally United States v. Nobles,* 422 U.S. 225, 238 n. 11, 95 S.Ct. 2160, 2170 n. 11, 45 L.Ed.2d 141 (1975). Work product immunity extends to documents and tangible things which would reveal an attorney's mental processes in preparation for litigation. *See* Fed.R.Civ.P. 26(b)(3); *Hickman v. Taylor,* 329 U.S. 495, 508, 511, 67 S.Ct. 385, 392, 393–94, 91 L.Ed. 451 (1947). Here, Appleton's investigation was commenced in response to contact from Ryall's attorney indicating litigation was imminent. Carius' notes of his interviews with Ward and Ryall clearly fall within the realm of information protected by Rule 26(b)(3) and *Hickman.*

■ Second, assuming the doctrine of implied waiver is relevant to discovery of the substance of the interviews, there is little support for the magistrate's conclusion, under the third prong of *Hearn,* that application of the privilege would deny Ryall access

to information vital to her defense.[1] Ryall already possesses a significant amount of information pertaining to the investigation. Appleton has identified who conducted the investigation and everyone it interviewed. It has provided all of the witness statements Dunn prepared and has permitted Ryall to reopen the depositions of these witnesses. Ryall can now construct a fairly complete picture of the actions Appleton took to investigate her claim and is not hamstrung in her opposition to Appleton's sixth defense. Assuming that Ryall would be prejudiced by not knowing specifically what was said in Carius' interviews of Ward and her husband, the better option is to preclude Appleton from introducing the contents of the privileged interviews or the resulting notes or statements at trial to establish its defense. Indeed, were Appleton to use this information at trial, it would waive any work product immunity or attorney-client privilege. *See Nobles*, 422 U.S. at 239 n. 14, 95 S.Ct. at 2171 n. 14 ("[W]here ... counsel attempts to make testimonial use of these materials the normal rules of evidence come into play with respect to cross-examination and production of documents.") Accordingly,

IT IS ORDERED THAT the magistrate judge's January 31, 1994 memorandum opinion and order granting Ryall's motion to compel is SET ASIDE and the motion to compel is DENIED.

### MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court on Plaintiff's motion to compel. The Court has reviewed the pleadings and has concluded that oral argument is unnecessary.

This case involves a claim by Plaintiff that she was subjected to unlawful sexual harassment over a period of years by her supervisor, Donald Ward. In response to the complaint, Defendant asserted a number of affirmative defenses, including its sixth affirmative defense which states:

> At such times as Plaintiff first raised her complaint concerning alleged activities by Mr. Ward, Appleton acted expeditiously and in good faith to investigate the Plaintiff's complaint and to take steps to insure that activities such as those alleged by Plaintiff did not occur in the future, and Appleton may not be held legally responsible for Mr. Ward's alleged actions.

In Plaintiff's Third Set of Interrogatories and Requests for Production, Plaintiff requested information regarding Defendant's investigation of her claims. Defendant responded by identifying 6 people who were interviewed as part of the investigation by Mr. Jeffrey Carius, Esq., Mr. L.W. McElhinney or Mr. Robert C. Dunn, Esq. Mr. Carius is an attorney who is employed as in-house counsel for Defendant. Mr. McElhinney is Defendant's vice-president for industrial relations. Mr. Dunn is an attorney, but is not working as such for Defendant. Rather, he is Defendant's division director for industrial relations.

In addition to providing the names of people interviewed, Defendant provided general information about its investigative procedure. It did not, however, respond completely to Plaintiff's interrogatory which asked Defendant to "state and identify in detail the substance of the investigation, including the details of Appleton's inquiry and the substance of each person's participation or response to investigation or inquiry." Plaintiff also

---

1. For reasons grounded in the historical foundation underlying the attorney-client privilege, a complete discussion of which is beyond the scope of this order, I question the fairly recent expansion of the privilege to encompass corporate in-house counsel. Nevertheless, applying the law as it is and not as I think it should be, *see Upjohn v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), I note that the doctrine of implied waiver espoused by *Hearn* has not met with universal acceptance. *See, e.g., Remington Arms Co. v. Liberty Mut. Ins. Co.*, 142 F.R.D. 408, 413 & n. 4 (D.Del.1992) (*Hearn*'s "expansive

language for determining implied waiver leads to a type of ad-hoc determination that ignores the system-wide role of the attorney-client privilege and undermines any confidence that the parties can place in that privilege"); *Howe v. Detroit Free Press, Inc.*, 440 Mich. 203, 487 N.W.2d 374, 382–83 (1992) (rejecting *Hearn* in favor of analysis which begins with presumption in favor of preserving privilege, allowing disclosure only to the extent necessary to protect opposing party's ability to defend); *Smith v. Kavanaugh, Pierson & Talley*, 513 So.2d 1138, 1145–46 (La.1987) (extensively criticizing *Hearn*).

asked Defendant to produce documents generated in connection with this investigation. Defendant refused to produce notes and statements from the investigation, claiming they are protected by the attorney-client privilege and the work product doctrine.

On November 18, 1993, Plaintiff's counsel took the depositions of five of Defendant's witnesses. In each deposition, Plaintiff's counsel questioned the witnesses about the investigation. In each case, Defendant's counsel objected and instructed the witness not to answer. Plaintiff now has filed this motion to compel seeking full responses to her interrogatory nos. 35 and 43 and request for production no. 13, which relate to Defendant's investigation, as well as complete responses to deposition questions regarding the investigation.

Defendant contends that all of Mr. Carius' notes and information regarding the substance of Mr. Carius' interviews with certain witnesses are protected by the work product doctrine and the attorney client privilege.[1] Plaintiff claims that the material is not privileged. Alternatively, Plaintiff argues that by asserting its investigation as an affirmative defense to Plaintiff's claims, Defendant has waived any privilege.

This Court finds that, contrary to Plaintiff's assertions, Defendant's investigation was not conducted in the ordinary course of business. It is true that Defendant has a policy on sexual harassment, and that pursuant to that policy, complaints are investigated. In these routine investigations, however, the personnel director conducts the investigation. Here, Plaintiff already had retained counsel and threatened litigation. Defendant, therefore, sought the assistance of Mr. Carius, who oversaw the investigation. Because this investigation was conducted by counsel in anticipation of litigation, the information Plaintiff seeks to discovery is privileged.

In *Hearn v. Rhay*, 68 F.R.D. 574 (E.D.Wash.1975), the court recognized that there are circumstances in which a party may be found to have waived a privilege. It set forth a three-part test to determine when such a waiver might be found. Under *Hearn*, in order to warrant a finding of implied waiver of privilege, a plaintiff must show that:

> 1) assertion of the privilege is the result of some affirmative act, such as filing suit by the asserting party;
>
> 2) through this affirmative act, the asserting party has placed the protected information at issue by making it relevant to the case; and
>
> 3) application of the privilege would deny the opposing party access to information vital to his defense.

*Id.* at 581. This District has adopted the *Hearn* test as the appropriate standard to determine an implied waiver of privilege. *Federal Deposit Ins. Corp. v. Wise,* 139 F.R.D. 168, 170 (D.Colo.1991) (Finesilver, C.J.).

Here, as in *Hearn*, the assertion of the attorney-client and work product privileges is the result of an affirmative act by Defendant—the raising of its sixth affirmative defense. By raising its investigation as an affirmative defense, Defendant has placed this protected information squarely at issue. In addition, in response to discovery requests from Plaintiff, Defendant relied heavily on its investigation as grounds for its assertion that it was not liable. (*See* Exhibit A to Plaintiff's motion). This is not a situation where the communications to an attorney are incidental to the lawsuit. *Cf. Zenith Radio Corp. v. United States,* 764 F.2d 1577 (Fed.Cir.1985). Rather, Mr. Carius' investigation "is inextricably merged with the elements of plaintiff's case and defendant's affirmative defense." *Hearn,* 68 F.R.D. at 582. It would be manifestly unfair to permit Defendant to use its claim that it conducted a good faith investigation as an affirmative defense and to permit Defendant to refer to this investigation in discovery responses as a basis for its denial of liability while denying Plaintiff the oppor-

---

1. Defendant also contends that statements taken by Mr. Dunn are entitled to work product protection. In an effort to reach a compromise with Plaintiff, however, Defendant has agreed to produce the four statements taken by Mr. Dunn and to allow Plaintiff's counsel to reopen his depositions of those individuals whose statements are provided to inquire as to matters reflected in those statements.

tunity to inquire into the details of this investigation. Denying Plaintiff this information would deny Plaintiff its only means to challenge the sufficiency of Defendant's defense. Defendant cannot use either of the asserted privileges as both a sword and a shield. *Synalloy Corp. v. Gray,* 142 F.R.D. 266, 269 (D.Del.1992).

IT IS THEREFORE ORDERED that Plaintiff's motion to compel is granted, and Defendant shall produce all of the information responsive to interrogatory nos. 35 and 43, request for production no. 13, and deposition questions posed to L.W. McElhinney and others regarding the investigation; and

IT IS FURTHER ORDERED that the parties shall bear their own costs.

DATED and ENTERED this 31 day of January, 1994.