**In re Stephen Hull Lawrence SNELL, Debtor.**

**Armando Cuervo, et al., Plaintiffs,**

**v.**

**Stephen Hull Lawrence Snell, Defendant.**

**Bankruptcy No. 97–61897. Adversary No. 98–0352.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 8, 1999.

Robert J. Sidman, Randall D. LaTour, Vorys, Sater, Seymour & Pease, Columbus, OH, for plaintiffs.

Grady L. Pettigrew, Jr., Arter & Hadden LLP, Columbus, OH, for defendant–debtor.

Kenneth M. Richards, Luper Sheriff & Neidenthal, Columbus, OH, for the Chapter 7 trustee.

## OPINION AND ORDER ON MOTION REGARDING ADVICE OF COUNSEL DEFENSE AND ATTORNEY–CLIENT PRIVILEGE

BARBARA J. SELLERS, Bankruptcy Judge.

The plaintiff in this adversary proceeding seeks an order from this Court that the defendant-debtor has waived any attorney-client privilege as to communication with certain attorneys from May 1, 1997 forward. Such an order is requested prior to a deposition of the debtor scheduled for March 10, 1999 on the basis that the debtor has raised the advice of such attorneys as part of his defense in this adversary. The defendant-debtor opposes the entry of such an order.

■ The Court finds that where the advice or conduct of a lawyer is made the basis of a defense in litigation, fairness requires an implication that the privilege has been waived as to all relevant privileged communications. *See* Edna Epstein, *The Attorney–Client Privilege and the Work–Product Doctrine,* 1997 A.B.A. Litigation Sec.Pub., 3rd ed., 209–218, and cases cited therein. Reliance on the advice of counsel as a justification for conduct in litigation by referring to such advice may make the nature of that advice discoverable in full. *Id.* at 213.

■ Ohio state courts and federal courts also recognize that an implied waiver of the attorney-client privilege may be found if: "(1) assertion of the privilege is the result of some affirmative act, such as filing suit, by the asserting party, and (2) through the affirmative action, the asserting party has placed the protected information at issue by making it relevant to the case, and (3) application of the privilege would deny the opposing party access to information vital to its defense ..." *Hearn v. Rhay,* 68 F.R.D. 574 (E.D.Wash. 1975), adopted by the court in *Frank W. Schaefer, Inc. v. C. Garfield Mitchell Agency, Inc.,* 82 Ohio App.3d 322, 330, 612 N.E.2d 442, 447 (1992). *See also F.D.I.C. v. Wise,* 139 F.R.D. 168, 171–172 (D.Colo. 1991) and other cases cited therein.

■ Based on the foregoing, the Court finds that any defense asserted in this adversary proceeding by the defendant which is premised upon the advice of counsel as justification for actions taken causes a waiver of the defendant's attorney-client privilege for the communications constituting such advice. This waiver extends to all of those communications which are relevant to the asserted defense if application of the privilege would deny the Cuervos access to information vital to their prosecution of this adversary action. Such waiver will be limited in time to the period subsequent to May 1, 1997.

If questions arise during the deposition as to the extent of the waiver or the relevancy of the advice to the defense being relied upon, counsel for the objecting party will have to seek a ruling from the Court.

**IT IS SO ORDERED.**