[Cite as *Edwards v. Edwards*, 2019-Ohio-5413.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| WALTER EDWARDS, JR., et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2019-P-0046** |
| BRIDGET EDWARDS, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2017 CV 00996.

Judgment: Affirmed in part and reversed in part; remanded.

*Craig P. Kvale*, Kvale Antonelli & Raj, 1406 West 6th Street, 2nd Floor, Cleveland, OH 44113 (For Plaintiffs-Appellees).

*Mark S. Hura*, The Cincinnati Insurance Co., 50 South Main Street, Suite 615, Akron, OH 44308; and *Matthew S. Romano*, Law Office of Matthew S. Romano, LLC, 7100 East Pleasant Valley Road, Suite 110, Independence, OH 44131 (For Defendants-Appellants).

TIMOTHY P. CANNON, J.

{¶1} Appellants, Bridget Edwards and her spouse, Walter Edwards, Sr. ("Walter Sr."), appeal from the March 22, 2019 judgment entry of the Portage County Court of Common Pleas ordering them to disclose documents following a motion to compel discovery. The narrow issues before this court are whether appellants' will, trust, and estate planning documents are protected by the attorney-client privilege, and, if so,

whether that privilege has been waived. We affirm in part and reverse in part the trial court's judgment.

{¶2} Appellees, Walter Edwards, Jr. ("Walter Jr.") and his spouse, Molly Edwards, filed a civil action against Appellant Bridget Edwards for (1) defamation; (2) intentional infliction of emotional distress; (3) undue influence; (4) making false police reports; (5) intentional interference with expectancy of inheritance; (6) frivolous conduct; and (7) abuse of process. Appellant Walter Sr. successfully intervened in the matter, and appellants filed counterclaims for (1) identity fraud and/or civil theft; (2) breach of fiduciary duty; (3) common law fraud; (4) unjust enrichment; (5) declaratory judgment; and (6) injunctive relief.

{¶3} After engaging in discovery, each side filed motions to compel production of various discovery requests with the trial court, as well as other associated motions. No depositions have been taken, and the present appeal challenges only one determination of the trial court.

{¶4} The trial court granted appellees' motion to compel with regard to production of appellants' wills, trusts, and estate planning documents. The following requests and responses were the subject of the trial court's ruling:

**REQUEST FOR DOCUMENTS NO. 19:** Copies of any and all wills and/or trusts wherein you are named and/or wherein you are given any beneficial interest and/or wherein you are named as the testator, trustee and/or executor, including, but not limited to, the wills and/or trusts of any relatives.

**RESPONSE: Objection.** In addition to the General Objections set forth above, Defendants specifically object to this Request on the grounds that it is vague and ambiguous, unduly burdensome and overly broad, and is seeking information that is protected by the attorney-client privilege and/or work product doctrine, and is confidential and proprietary in nature.

2

**REQUEST FOR DOCUMENTS NO. 34:** Any and all copies and drafts of the "will" and "trust" identified in Paragraph 38 of the Counterclaim.

> **RESPONSE: Objection.** In addition to the General Objections set forth above, and without waiving them, Defendants specifically object to this Request on the grounds that it is seeking information that is protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR DOCUMENTS NO. 35:** Any and all documents supporting your contention that "the percentage of Walt Jr.'s inheritance was never changed from what it was before the events he alleges against Bridget in his Complaint" as alleged in Paragraph 43 of the Counterclaim.

> **RESPONSE: Objection.** In addition to the General Objections set forth above, and without waiving them, Defendants specifically object to this Request on the grounds that it is seeking information that is protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR DOCUMENTS NO. 36:** All documents supporting your contention that "no contest" provisions were included in "every trust and estate document Walt Sr. has executed" as alleged in Paragraph 49 of the Counterclaim.

> **RESPONSE: Objection.** In addition to the General Objections set forth above, and without waiving them, Defendants specifically object to this Request on the grounds that it is seeking information that is protected by the attorney-client privilege and/or work product doctrine.

{¶5} The trial court determined that appellants must produce the will, trust, and estate planning documents because they are directly related to the litigation of the claims in this matter. Further, the trial court stated that no privilege had been asserted by appellants with regard to these documents; or, in the alternative, that any potential privilege had been waived.

{¶6} Appellants filed a timely notice of appeal and raise one assignment of error. Appellants' sole assignment of error states:

3

{¶7} "The trial court committed prejudicial error when it granted Plaintiffs-Appellees' motion to compel production of Defendants-Appellants' will, trust and estate planning documents that are protected by the attorney-client privilege under Ohio law, which privilege has not been waived."

{¶8} "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, electronically stored information, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Civ.R. 26(B)(1). "'The burden to show that testimony or documents are confidential or privileged is on the party seeking to exclude the material.'" *Ro-Mai Industries, Inc. v. Manning Properties*, 11th Dist. Portage No. 2009-P-0066, 2010-Ohio-2290, ¶25, quoting *Grace v. Mastruserio*, 182 Ohio App.3d 243, 2007-Ohio-3942, ¶19 (1st Dist.).

{¶9} "The trial court has discretionary power to regulate discovery and its decisions will generally not be overturned absent an abuse of that discretion." *Id.* at ¶26, citing *Mauzy v. Kelly Services, Inc.*, 75 Ohio St.3d 578 (1996) and *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55 (1973). "'But whether the information sought is confidential and privileged from disclosure is a question of law that is reviewed de novo.'" *Id.*, quoting *Medical Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496,

¶13. "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate.'" *Id.*, quoting *Schlotterer*, *supra*, at ¶13.

{¶10} There is a common law attorney-client privilege and a statutory version. Ohio has codified the statutory version of the attorney-client privilege in R.C. 2317.02, which provides in pertinent part:

> The following persons shall not testify in certain respects:
>
> (A)(1) An attorney, concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client. However, if the client voluntarily reveals the substance of attorney-client communications in a nonprivileged context or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject.

{¶11} This testimonial privilege "prevents an *attorney* from testifying concerning communications made to the attorney by a client or the attorney's advice to a client." "[It] applies not only to prohibit testimony at trial, but also to protect the sought-after communications during the discovery process." *Jackson v. Greger*, 110 Ohio St.3d 488, ¶7 fn. 1 (2006) (emphasis added). The statutory version does not apply here because, by its very terms, it applies only to competency of the attorney to testify:

> A plain reading of the statute clearly limits the statute's application to cases in which a party is seeking to compel testimony of an attorney for trial or at a deposition—as opposed to cases where a party is seeking to compel production of nontestimonial documents. As the express language of the statute indicates, the privilege is testimonial: "The *testimonial privilege* established under this division * * *." In cases that are not covered under R.C. 2317.02, the common-law attorney-client privilege applies.

*Grace v. Mastruserio*, 182 Ohio App.3d 243, 2007-Ohio-3942, ¶17 (1st Dist.) (emphasis sic) (citations omitted).

5

{¶12} The common law attorney-client privilege applies "'(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.'" *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, ¶21, quoting *Reed v. Baxter*, 134 F.3d 351, 355-356 (6th Cir.1998). "[O]nly the client can waive the privilege." *Id.*, citing *Allen Cty. Bar Assn. v. Williams*, 95 Ohio St.3d 160, 2002-Ohio-2006, ¶9-14.

{¶13} Appellants first argue Walter Sr.'s will, trust, and estate planning documents are protected by the attorney-client privilege. We agree that they are protected by the common law privilege.

{¶14} The drafting of will, trust, and estate planning documents is an act undertaken by an attorney and client in confidence whereby the client discloses significant details regarding financial holdings and arrangements. The drafting of these documents and the information contained therein certainly involves direct communications made between an attorney and client under the statutory definition of the privilege, and it also falls under the common law definition where legal advice is sought from a professional legal adviser. The privilege also applies to any communications, such as drafts and discussions relating to that purpose, which are made in confidence by the client.

{¶15} Appellees' argument that "will and trust documents are not in and of themselves privileged" relies on *Briggs v. Briggs*, 9th Dist. Summit No. 14852, 1991 WL 108516 (June 5, 1991). This case is inapposite to the present matter. *Briggs* was an appeal in a divorce litigation before the Ohio Ninth District Court of Appeals. The trust

6

document the appellant in that matter sought to have disclosed was relevant to a spousal support determination. There, the trial court was required to consider statutory factors when ordering an award of spousal support. The appellate court based its holding requiring disclosure of the trust document on that statute:

> R.C. 3105.18(B)(4), as in effect at the time of the Briggs divorce, requires a trial court to consider the parties' expectancies and inheritances in determining alimony. Terms of a trust may have a bearing on expectancies, and thus, may be relevant to the court's deliberations in determining alimony. *Griesinger v. Griesinger* (Aug. 5, 1987), Medina App. No. 1542, unreported. An expectancy is, in its simplest terms, "that which is expected or hoped for". *Black's Law Dictionary* (5th Ed.Rev.1979) 317. Thus, the determination of whether the trust is revocable or irrevocable, vested or unvested, has no bearing in the issues at bar.

> While the weight to be given the evidence concerning the trust may be within the court's discretion, the court must have sufficient information to properly consider all relevant evidence before it makes its decision. *Tusko v. Tusko* (Sept. 10, 1986), Summit App. No. 12565, unreported. [Appellee] contends that his role as attorney for his mother in establishing the trust raises attorney-client privilege issues. However, it is not necessary to breach the privilege to discover the terms of the trust, and the court must permit such inquiry. *See Griesinger, supra.*

*Id.* at *1.

{¶16} In the present matter, none of the rationale behind the holding in *Briggs* is applicable. The contents of the trust in *Briggs* were necessary to allow the trial court to make a fully-informed determination as to an award of spousal support. Contrary to appellees' argument, in *Briggs* the Ninth District specifically observed that a trust is subject to attorney-client privilege when stating, "it is not necessary to breach the privilege to discover the terms of the trust." *Id.* We agree, and we also hold that wills and estate planning documents are subject to attorney-client privilege.

7

{¶17} Because we hold that the will, trust, and estate planning documents are subject to the attorney-client privilege, we must next determine whether appellants waived that privilege. Of note, the matter is still currently in discovery, and no depositions have been taken or submitted.

{¶18} Appellees assert that statements made in the answer and counterclaims amount to a waiver of the attorney-client privilege. We agree. Any such privilege is waived to the extent there are factual allegations concerning the contents of the will, trust, and estate planning documents. However, these documents should not be produced in a manner that would allow them to become public record in the discovery process. Counsel for appellees agreed at oral argument that only information germane to the current claims and counterclaims is being sought, despite the broad requests made of appellants. Counsel conceded that a protective order limiting discovery to prevent the disclosure of personal, extraneous terms contained in Walter Sr.'s will, trust, and estate planning documents would be appropriate and acceptable.

{¶19} Whether waiver should apply has been discussed at length by the Eighth District Court of Appeals:

> While the doctrine of implied waiver as it pertains to the discoverability of purportedly privileged documents has received little attention by the courts of this state, the federal courts have employed some version of one of three general approaches in determining whether the privilege has been waived. See *Frank W. Schaefer*, 82 Ohio App.3d at 329-330, 612 N.E.2d 442; see, also, *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.* (Feb. 13, 1998), Tenth Cir. No. 96-8014, unreported at 2; cf. *Greater Newburyport Clamshell Alliance v. Public Serv. Co.* (C.A.1, 1988), 838 F.2d 13, 17.
>
> The first of these approaches is the "automatic waiver" rule, which provides that the litigant automatically waives the privilege upon assertion of a claim, counterclaim, or affirmative defense that raises as an issue a matter to which otherwise privileged material is

8

relevant. See *Indep. Prod. Corp. v. Loew's Inc.* (S.D.N.Y.1958), 22 F.R.D. 266. Finding application of this approach too rigid and harsh, many courts have rejected its use. See, e.g., *Federal Deposit Ins. Corp. v. Wise* (D.Colo.1991), 139 F.R.D. 168, 171; see, also, *Remington Arms Co. v. Liberty Mut. Ins. Co.* (D.Del.1992), 142 F.R.D. 408, 414.

The second approach provides that the privilege is waived only when the material to be discovered is both relevant to the issues raised and either vital or necessary to the opposing party's defense. *Black Panther Party v. Smith* (C.A.D.C.1981), 661 F.2d 1243, 1266-68, vacated and remanded *sub nom. Moore v. Black Panther Party* (1982), 458 U.S. 1118, 102 S.Ct. 3505, 73 L.Ed.2d 1381 (balancing the need for discovery with the importance of the privilege); *Hearn v. Rhay* (E.D.Wash.1975), 68 F.R.D. 574, 581 (setting forth a tripartite test in determining relevancy and necessity of the information).

Lastly, several courts have concluded that a litigant waives the attorney-client privilege if, and only if, the litigant directly puts the attorney's advice at issue in the litigation. *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.* (C.A.3, 1994), 32 F.3d 851, 863-864; cf. *Kremer v. Cox* (1996), 114 Ohio App.3d 41, 58, 682 N.E.2d 1006.

It is the tripartite test established by the *Hearn* court that most courts, including the Second Appellate District of this state, have adopted. See, generally, *Zenith Radio Corp. v. United States* (C.A.Fed.1985), 764 F.2d 1577, 1579; *Federal Deposit Ins. Corp. v. Wise,* 139 F.R.D. at 171; see, also, *Frank W. Schaefer,* 82 Ohio App.3d at 331, 612 N.E.2d 442. Under the *Hearn* test, each of the following three conditions must exist in order to find the privilege impliedly waived:

> (1) assertion of the privilege is the result of some affirmative act, such as filing suit, by the asserting party;
>
> (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and
>
> (3) application of the privilege would have denied the opposing party access to information vital to his defense. *Hearn* at 581.

*H & D Steel Serv. Inc. v. Weston, Hurd, Fallon, Paisley & Howley*, 8th Dist. Cuyahoga

No. 72758, 1998 WL 413772, *3-4 (July 23, 1998).

9

{¶20} Similarly, in *Briggs*, the Ninth District relied on *Griesinger v. Griesinger*, 9th Dist. Medina No. 1542, 1987 WL 15596 (Aug. 5, 1987), in distinguishing between the attorney-client privilege and relevance:

> [Appellant] also objects to the trial court's ruling that [Appellee], as attorney for his parents in drawing up their trusts, could not be forced to violate the attorney-client privilege. *The ruling was not in error. R.C. 3105.18(B)(4), however, requires the trial court to consider the parties' expectancies and inheritances. Terms of the trust may have bearing on [Appellees'] expectancies; thus, it is relevant in the court's deliberations.* It is not necessary to require [Appellee] to breach the attorney-client relationship with his parents in order to discover the terms of the trust. The court must, however, permit such inquiry.

*Id.* at *4 (emphasis added).

{¶21} In this case, Walter Sr. chose to intervene and file a counterclaim. In that counterclaim, he makes a variety of allegations, presumably in an effort to support his claims. At paragraph 38 of the counterclaim, he contends, among other things, that in March 2017, he removed Walter Jr. as co-executor and as co-trustee but did not, at that time, disinherit Walter Jr. At paragraph 43, Walter Sr. alleges that, until "Walt Jr. commenced the lawsuit, Walt Jr.'s inheritance was never changed from what it was before" the events Walter Jr. alleges regarding Bridget. At paragraph 49, Walter Sr. alleges that his recent decision to disinherit Walter Jr. is consistent with standard "no contest" provisions that "have been included in every trust and estate document Walt Sr. has executed since beginning in 2000 * * *."

{¶22} Appellees have either denied, or denied for want of knowledge sufficient to form a belief, each of these allegations. By making these allegations, Walter Sr. has met the test set forth in *Hearn*, which we hereby adopt.

10

{¶23} Appellants' sole assignment of error is without merit with regard to information germane to appellants' answer and counterclaims and has merit with regard to any other confidential or personal information not referenced in appellants' counterclaim.

{¶24} The judgment of the Portage County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded to the trial court. The trial court shall conduct an in camera inspection of the documents to determine what is relevant and thereafter instruct the parties to enter into an agreed protective order limiting disclosure only to information within the will, trust, and estate planning documents directly pertaining to the allegations in the counterclaim. If necessary, the trial court shall limit the scope of appellees' discovery requests consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.